RANDY S. GROSSMAN
United States Attorney
KATHERINE L. PARKER
Assistant U.S. Attorney
California Bar No. 222629
ERIN M. DIMBLEBY
Assistant U.S. Attorney
California Bar No. 323359
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-7634/6987
Fax: (619) 546-7751
Email: Katherine.Parker@usdoj.gov
Email: Erin.Dimbleby@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMMANDER DEREK D. BUTLER, JAGC, USN; VICE ADMIRAL DARSE E. CRANDALL JR., JAGC, USN; CARLOS DEL TORO; CAROLINE D. KRASS; and LLOYD J. AUSTIN, III, <br><br> Defendants. | Case No.: 22-cv-1455-BTM-KSC <br><br> **DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> Date: August 11, 2023 <br> Time: 11:00 a.m. <br> Judge: Hon. Barry Ted Moskowitz <br><br> PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................ 2

III.  LEGAL STANDARDS .............................................................................. 3

    A.   Rule 12(b)(1): Lack of Subject Matter Jurisdiction .............................. 3

    B.   Rule 12(b)(6): Failure to State a Claim ................................................. 3

IV.  ARGUMENT .............................................................................................. 4

    A.   Plaintiff's Mandamus Claim Fails for Lack of Jurisdiction and Failure to State a Claim ........................................................................ 4

    B.   Plaintiff May Only Challenge Policies Currently in Effect .................. 6

    C.   Plaintiff Lacks Standing to Assert Any Claims on Behalf of Mays ..... 8

    D.   Plaintiff's Claims Against Improper Defendants Must Be Dismissed ............................................................................................... 9

V.   CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................3

*Bd. of Trs. of Glazing Health and Welfare Tr. v. Chambers*,
  941 F.3d 1195 (9th Cir. 2019) ...................................................................8

*Beatty v. Wash. Metro. Area Transit Auth.*,
  860 F.2d 1117 (D.C. Cir. 1988) .................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................3

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ...................................................................7

*Cheney v. U.S. Dist. Ct. for Dist. of Columbia*,
  542 U.S. 367 (2004) ..................................................................................4

*Church of Scientology of Cal. v. United States*,
  506 U.S. 9 (1992) ......................................................................................8

*Coal. of Clergy, Laws., and Professors v. Bush*,
  310 F.3d 1153 (9th Cir. 2002) ...................................................................9

*Colwell v. Dep't of Health & Human Servs.*,
  558 F.3d 1112 (9th Cir. 2009) ............................................................ 7, 10

*Constr. Indus. Ass'n of Sonoma Cnty. v. City of Petaluma*,
  522 F.2d 897 (9th Cir. 1975) .....................................................................9

*Friends of the Earth, Inc. v. Laidlaw Env't. Servs.*,
  528 U.S. 167 (2000) ................................................................................10

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988) ..................................................................................4

*Hartmann v. Cal. Dep't of Corr. & Rehab.*,
  707 F.3d 1114 (9th Cir. 2013) .................................................................10

*Heckler v. Ringer*,
  466 U.S. 602 (1984) ..................................................................................4

*Illinois v. Ferriero*,
  60 F.4th 704 (D.C. Cir. 2023) ...................................................................4

*Jackson v. Kelly*,
  557 F.2d 735 (10th Cir. 1977) ...................................................................5

*Kildare v. Saenz*,
  325 F.3d 1078 (9th Cir. 2003) ............................................................. 4, 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ........................................................................................... 3

*Kowalski v. Tesmer*,
    543 U.S. 125 (2004) ...................................................................................... 8, 9

*Lowry v. Barnhart*,
    329 F.3d 1019 (9th Cir. 2003) ........................................................................... 4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ......................................................................................... 10

*McCollum v. Cal. Dep't of Corr. & Rehab.*,
    647 F.3d 870 (9th Cir. 2011) ............................................................................. 8

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ........................................................................... 6

*Mills v. United States*,
    742 F.3d 400 (9th Cir. 2014) ............................................................................. 8

*Nat'l Park Hosp. Ass'n v. U.S. Dep't of Interior*,
    538 U.S. 803 (2003) ........................................................................................... 7

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ............................................................................. 3

*Norton v. S. Utah Wilderness All.*,
    542 U.S. 55 (2004) ............................................................................................. 6

*Patel v. Reno*,
    134 F.3d 929 (9th Cir. 1997) ......................................................................... 4, 6

*Planned Parenthood of Idaho, Inc., v. Wasden*,
    376 F.3d 908 (9th Cir. 2004) ........................................................................... 10

*Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*,
    581 F.3d 1169 (9th Cir. 2009) ........................................................................... 8

*Sacks v. Off. of Foreign Assets Control*,
    466 F.3d 764 (9th Cir. 2006) ............................................................................. 7

*Shaw v. Hahn*,
    56 F.3d 1128 (9th Cir. 1995) ............................................................................. 9

*Singleton v. Wulff*,
    428 U.S. 106 (1976) ........................................................................................... 9

*Sopcak v. N. Mountain Helicopter Serv.*,
    52 F.3d 817 (9th Cir. 1995) ............................................................................... 3

*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989) ............................................................................. 7

*Thomas v. Holder*,
    750 F.3d 899 (D.C. Cir. 2014) ........................................................................... 5


*Vince v. Mabus*,
    956 F. Supp. 2d 83 (D.D.C. 2013) .................................................................4

*Voigt v. Savell*,
    70 F.3d 1552 (9th Cir. 1995) ..........................................................................9

*Warth v. Seldin*,
    422 U.S. 490 (1975) .......................................................................................8

*Weise v. Perez*,
    --- F. Supp. 3d ---, 2022 WL 11337461 (N.D. Cal. Oct. 19, 2022) ..............10

*Zixiang Li v. Kerry*,
    710 F.3d 995 (9th Cir. 2013) ..........................................................................3


**STATUTES**

10 U.S.C § 822-24 .................................................................................................10

10 U.S.C § 940a ..................................................................................................5, 6

28 U.S.C. § 1361 .....................................................................................................4


**RULES**

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 3

Fed. R. Civ. P.12(b)(1) ..................................................................................1, 3, 6, 12

Fed. R. Civ. P.12(b)(6) ................................................................................1, 3, 12

Fed. R. Civ. P. 12(h)(3) ............................................................................................3


**OTHER AUTHORITIES**

1 Judge Advocate General Instruction 5800.7G ....................................................11

1 Manual for Courts-Martial § 13-10 ....................................................................10

1 Military Criminal Justice: Practice and Procedure § 1-6 (2023) ........................10

## MOTION TO DISMISS

Defendants move to partially dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Motion is made on the grounds that (1) Plaintiff's mandamus claim fails for lack of jurisdiction and failure to state a claim because Plaintiff improperly seeks a Court Order directing an agency to exercise its discretion in a specific manner; (2) the Court lacks jurisdiction over Plaintiff's claims to the extent they challenge now-defunct Department of Defense Guidance and forthcoming regulations not yet issued by the Department of the Navy; (3) Plaintiff lacks standing to assert Seaman Recruit Ryan Mays's constitutional claims; and (4) Commander Butler, General Counsel Krass, and Secretary Austin are all improper Defendants. This motion is based on the following Memorandum of Points and Authorities, as well as all pleadings and filings in this action, and upon any such other matters or argument that the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff seeks declaratory, injunctive, and mandamus relief regarding the Department of Defense and Department of the Navy's policies and practices pertaining to public access to court-martial records in general, as well as records from the Navy's court-martial of Seaman Recruit Ryan Mays specifically. Plaintiff improperly asks this Court to apply the First Amendment to military courts-martial without regard for the law and for the significant and crucial ways in which the military justice system differs from its federal and state counterparts. This motion does not ask the Court to resolve that question at this stage, but instead seeks to eliminate several improper causes of action and dismiss improper parties from this action. For example, in alleging mandamus—an extraordinary equitable remedy—Plaintiff seeks to compel a discretionary and non-ministerial duty that it has no clear right to request. Moreover, to the extent that Plaintiff challenges government policies either no longer in effect or not yet in effect, such claims must be dismissed for lack of subject matter jurisdiction.

1  Plaintiff also attempts to assert a third party's constitutional rights with no showing that
2  it has standing to do so, and the complaint includes three improper government officials
3  as Defendants.
4        Accordingly, for the reasons outlined herein, Defendants respectfully request that
5  the Court partially dismiss Plaintiff's First Amended Complaint for lack of jurisdiction
6  and failure to state a claim as set forth below.

7        **II.    FACTUAL AND PROCEDURAL BACKGROUND**
8        On September 27, 2022, Plaintiff initiated this case by filing a complaint, Compl.,
9  ECF No. 1, and a motion for a temporary restraining order and preliminary injunction,
10 ECF No. 2. The Court conducted a status conference on September 29, 2022, after
11 which the Court set a briefing schedule on Plaintiff's motion for a temporary restraining
12 order and preliminary injunction. *See* ECF No. 9. On October 6, 2022, the parties jointly
13 requested a stay of that briefing schedule to allow time to work toward a resolution
14 outside of litigation. ECF No. 15. The next day, the Court stayed the briefing schedule.
15 ECF No. 16. While proceedings were stayed, the parties jointly reported status updates
16 to the Court concerning relevant developments, including steps Defendants undertook
17 to release the *Mays* court-martial documents. Moreover, Defendants informed Plaintiff
18 and the Court that on January 17, 2023, the Department of Defense General Counsel
19 issued revised "Military Justice Case Management, Data Collection, and Accessibility
20 Standards" to the Secretaries of the military departments pursuant to Article 140a of the
21 Uniform Code of Military Justice (Article 140a). ECF No. 25.
22       On April 21, 2023, Plaintiff requested to withdraw its motion for a temporary
23 restraining order and preliminary injunction and to amend its complaint. ECF No. 35.
24 On April 25, 2023, the Court granted Plaintiff's request, withdrawing Plaintiff's motion
25 and allowing Plaintiff to file an amended complaint by May 19, 2023, with Defendants'
26 responsive pleading due by June 23, 2023. ECF No. 36. Plaintiff filed its First Amended
27 Complaint on May 19, 2023. Am. Compl., ECF No. 38 (FAC).
28

## III.  LEGAL STANDARDS

### A.  Rule 12(b)(1): Lack of Subject Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### B.  Rule 12(b)(6): Failure to State a Claim

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While allegations of material fact are taken as true and construed in the light most favorable to the non-moving party, the court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. ARGUMENT

### A. Plaintiff's Mandamus Claim Fails for Lack of Jurisdiction and Failure to State a Claim.

Plaintiff improperly seeks mandamus relief under 28 U.S.C. § 1361. *See* FAC ¶¶ 109-111. Specifically, Plaintiff requests that the Court issue a writ of mandamus directing the Secretary of the Defense to issue new directives pursuant to Article 140a. Plaintiff's request seeks to compel a non-ministerial and discretionary act beyond the limits of relief contemplated through mandamus. As Plaintiff has no right to request performance of a discretionary duty, Plaintiff has failed to state a claim for such relief and the Court lacks subject matter jurisdiction over Plaintiff's mandamus claim.

Mandamus is an extraordinary remedy. *See Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 392 (2004) (Stevens, J., concurring); *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003). It is intended to provide a remedy only when a plaintiff has exhausted all other avenues of relief and only if the defendant owes a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The Ninth Circuit has articulated that mandamus "is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt[;] and (3) no other adequate remedy is available." *Kildare*, 325 F.3d at 1084 (citing *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997)). If a plaintiff cannot satisfy all three threshold requirements, the claim must be dismissed for lack of subject matter jurisdiction. *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023).

"The party seeking mandamus must show that 'its right to issuance of the writ is clear and indisputable.'" *Vince v. Mabus*, 956 F. Supp. 2d 83, 87 (D.D.C. 2013) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)). "If a plaintiff has no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not lie." *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003). "Mandamus petitioners can satisfy neither of the first two requirements if the act they

seek to compel is discretionary, as government officials have no clear duty to perform such acts and petitioners have no clear right to compel them to do so." *Thomas v. Holder*, 750 F.3d 899, 903-04 (D.C. Cir. 2014) (finding Attorney General has discretion on whether and how to classify a controlled substance and could not be compelled to reclassify).

Here, Plaintiff requests the Court to "issue such writs of mandamus as may be necessary to ensure that the Secretary of Defense issues the required uniform standards and criteria of conduct consistent with the directives of Art. 140a, the First Amendment, and common law." FAC 39, ¶ 5; *see also* FAC ¶ 111. To the extent there is a duty to issue certain guidance under Article 140a, Plaintiff has failed to allege a failure of that duty. Indeed, Plaintiff has failed to show a ministerial duty to implement guidance to Plaintiff's own standards. Such duty is clearly discretionary and has already been performed. *See* 10 U.S.C § 940a; FAC ¶¶ 69, 73. The prescribing and issuance of guidance for the functionality of the military justice system implicates policy considerations that must be balanced within the measured judgment of the Secretary of Defense and the Secretary of Homeland Security. *See Beatty v. Wash. Metro. Area Transit Auth.*, 860 F.2d 1117, 1127 (D.C. Cir. 1988) ("'Generally speaking, a duty is discretionary if it involves judgment, planning, or policy decisions. It is not discretionary [i.e., ministerial] if it involves enforcement or administration of a mandatory duty at the *operational level*, even if professional expert evaluation is required.'") (quoting *Jackson v. Kelly*, 557 F.2d 735, 737-38 (10th Cir. 1977) (emphasis in original)).

This discretionary duty was first fulfilled on December 17, 2018, when the Department of Defense General Counsel issued its initial guidance pursuant to Article 140a (2018 Guidance). On January 17, 2023, DOD General Counsel Krass issued revised "Military Justice Case Management, Data Collection, and Accessibility Standards" (2023 Guidance), *see* FAC ¶ 43. Further, by claiming that both iterations of guidance are noncompliant with Article 140a, Plaintiff concedes the discretionary

1  nature and judgment required of the action it seeks to compel—issuing guidance
2  pursuant to Article 140a. *See* FAC ¶¶ 61, 62, 69, 73. The Court order requested—an
3  order dictating the precise content of DOD guidance—is beyond the jurisdiction of the
4  courts.[1] *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004) (within certain
5  circumstances, "a court can compel the agency to act, but has no power to specify what
6  the action must be"). Accordingly, Defendants respectfully request that the Court
7  dismiss Plaintiff's mandamus claim for lack of subject matter jurisdiction.

8      Plaintiff also fails to state a claim upon which mandamus relief may be granted.
9  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)
10 (dismissal under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable
11 legal theory or the absence of sufficient facts to support a cognizable legal theory).
12 Plaintiff cannot prevail on any mandamus claim because, as explained above, it cannot
13 show that its claim is "clear and certain" and that Defendants have a duty that "is
14 nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt."
15 *Kildare*, 325 F.3d at 1084; *Patel*, 134 F.3d at 931. Accordingly, Plaintiff's claim for
16 mandamus relief fails for failure to state a claim.

17     **B.    Plaintiff May Only Challenge Policies Currently in Effect.**

18     The Navy is in the process of developing new regulations as directed by updated
19 Guidance from the Department of Defense. During this time when the Navy's policies
20 of access to court-martial records are in flux, Plaintiff appears to attempt to challenge
21 *both* outdated policies *and* forthcoming regulations, neither of which is proper.
22 Plaintiff's claims are untimely.

---

[1] Defendants also note that Plaintiff's position relies on a misreading of a key statute, 10 U.S.C. § 940a. That statute does not, as Pro Publica suggests, require "timely *public* access to docket information and records." FAC ¶ 7 (emphasis added). Rather, Congress has required "Timely, efficient, and accurate production and distribution of records of trial *within* the military justice system." 10 U.S.C. § 940a (emphasis added).

Whether a particular claim is "ripe" for adjudication goes to a court's subject matter jurisdiction, which may be challenged through a Rule 12(b)(1) motion. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010) ("The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring . . . that claims be 'ripe' for adjudication."). "The ripeness requirement aims to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Sacks v. Off. of Foreign Assets Control*, 466 F.3d 764, 773 (9th Cir. 2006) (citation omitted). "For a suit to be ripe within the meaning of Article III, it must present concrete legal issues, presented in actual cases, not abstractions." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1123 (9th Cir. 2009) (internal quotation omitted).

Plaintiff challenges regulations that the Navy has yet to issue, and such claims are premature. *See* FAC ¶¶ 79, 95, 97, 105, 108. The 2023 Guidance, issued to the Secretaries of the military departments pursuant to Article 140a, directs the Navy to issue revised regulations that comply with the newly promulgated standards in that Guidance. *See* FAC ¶¶ 43-44. And the 2023 Guidance grants the Navy until September 14, 2023 to issue those new regulations. *See* FAC ¶ 79. Plaintiff thus intends to force DOD and Navy to defend these yet-to-be regulations and the Court to adjudicate them prematurely. Because that is precisely what the ripeness requirement aims to prevent, Plaintiff's claims fail as unripe and must be dismissed. *See Nat'l Park Hosp. Ass'n v. U.S. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) ("Ripeness is a justiciability doctrine designed . . . to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.") (citation omitted).

Moreover, the 2023 Guidance superseded the 2018 Guidance and any challenge to the 2018 Guidance fails as moot, as does any challenge to regulations issued in 2020 pursuant to the superseded 2018 standards. *See* FAC ¶¶ 61, 62, 69-72, 95, 105, 108.

Federal courts do not have jurisdiction "to give opinion upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *see Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009) ("A claim is moot if it has lost its character as a present, live controversy."). Because Navy's 2020 regulations are no longer in compliance with current guidance, Plaintiff's claims as to *those* regulations are moot and must be dismissed. *See Bd. of Trs. of Glazing Health and Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) ("[I]n determining whether a case is moot, we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it.").

### C. Plaintiff Lacks Standing to Assert Any Claims on Behalf of Mays.

Plaintiff lacks standing to assert Mays's constitutional claims. Generally, plaintiffs must assert their own legal rights and interests and cannot rest their claims on a third party's rights or interests. *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The purpose of this rule is straightforward: "Without such limitations . . . the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights." *Id.* at 500. For these reasons, "[c]ourts 'typically decline to hear cases asserting rights properly belonging to third parties rather than the plaintiff.'" *Mills v. United States*, 742 F.3d 400, 407 (9th Cir. 2014) (quoting *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 878 (9th Cir. 2011)). However, there are limited exceptions "where it is necessary to grant a third party standing to assert the rights of another." *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004). Such exceptions apply only when the party seeking third-party standing makes three showings: "(1) the litigant has suffered an injury in fact, giving him a concrete interest in the outcome of the disputed issue; (2)

the litigant has a close relationship to the third party; and (3) the third party's ability to protect his own interests is hindered." *Shaw v. Hahn*, 56 F.3d 1128, 1130 n.3 (9th Cir. 1995) (citing *Singleton v. Wulff*, 428 U.S. 106, 112-16 (1976)).

Here, Plaintiff claims that Defendants are inhibiting Mays's First and Sixth Amendment rights to disclose certain court-martial records and seek declaratory relief on his behalf. FAC ¶¶ 98, 103. However, nowhere in its First Amended Complaint does Plaintiff allege that it has a sufficiently close relationship with Mays or that Mays is in anyway hindered from protecting his own interests. *See Coal. of Clergy, Laws., and Professors v. Bush*, 310 F.3d 1153, 1163-64 (9th Cir. 2002) (finding no third-party standing where plaintiff did not allege injury or relationship). To the extent Plaintiff seeks to base standing on the fact that Plaintiff was investigating a court-martial that has already concluded, "[s]uch an intermittent connection does not sufficiently advance the underlying rationales for permitting third-party standing." *Voigt v. Savell*, 70 F.3d 1552, 1565 (9th Cir. 1995) (finding lack of sufficient closeness where plaintiff "may occasionally be in a position to hire a non-resident for a position"); *see Constr. Indus. Ass'n of Sonoma Cnty. v. City of Petaluma*, 522 F.2d 897, 904 (9th Cir. 1975) (no standing where there was "no special, on-going relationship"). And Mays is not hindered from asserting and protecting his own interests. *See Kowalski*, 543 U.S. at 131, 134 (finding indigent defendants with no attorney may have difficulty bringing their own claims but were not sufficiently hindered to warrant third-party standing).

Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's claims on behalf of Mays (*see* FAC ¶¶ 98, 103) and the related requested relief (*see* FAC 38, ¶ 2).

### D. Plaintiff's Claims Against Improper Defendants Must Be Dismissed.

Plaintiff lacks standing to bring a claim against Defendants Butler, Krass, and Austin, and has failed to state a claim against each of them upon which relief may be granted. Standing under Article III requires the following: (1) the party invoking federal jurisdiction must have suffered some actual or threatened injury; (2) the injury must be

fairly traceable to the challenged conduct; and (3) a favorable decision would likely redress or prevent injury. *See Friends of the Earth, Inc. v. Laidlaw Env't. Servs.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The party asserting the claim has the burden of establishing standing. *See Colwell,* 558 F.3d at 1121.

Defendant Butler was the military judge presiding over Mays's court-martial, which has since concluded. FAC ¶¶ 6, 19. In its First Amended Complaint, Plaintiff asserts claims against Defendant Butler for declaratory and injunctive relief. FAC ¶¶ 34, 35. However, Plaintiff has not alleged any injury-in-fact that is traceable to or redressable by Defendant Butler. In bringing a claim against a government official in their official capacity, plaintiffs must name the official who can appropriately provide the relief sought. *Hartmann v. Cal. Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1127 (9th Cir. 2013); *Planned Parenthood of Idaho, Inc., v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004) (noting that a proper defendant is one that relief against would provide redress); *Weise v. Perez*, --- F. Supp. 3d ---, 2022 WL 11337461, at *7 (N.D. Cal. Oct. 19, 2022) (dismissing defendants who were not policymakers and could not provide relief sought by plaintiff).

Here, Plaintiff fails to allege that there is any relief Defendant Butler can provide, and indeed there is none, due to (1) the transitory nature of the court-martial and (2) Butler's lack of authority to provide any relief. "Congress did not create the court-martial; it simply permitted its existence to continue. In effect, the court-martial is older than the Constitution and predates any other court authorized or instituted by the Constitution." 1 Military Criminal Justice: Practice and Procedure § 1-6 (2023). Nevertheless, "[u]nlike civilian courts, a court-martial is not characterized by continuous jurisdiction; it is only brought into being when created pursuant to statute by an officer empowered to create it." 1 Manual for Courts-Martial § 13-10.00 (citing 10 U.S.C. §§ 822–24). It is, then, "a tribunal of limited jurisdiction and transitory existence." *Id.* The court-martial at issue ceased to exist when Mays was acquitted. And

1   Defendant Butler is no longer assigned as a military judge in San Diego but currently
2   serves in Washington, D.C.  More significantly, even when he was the military judge
3   assigned to preside over the *Mays* court-martial, he—like all other Navy and Marine
4   Corps military judges—simply had no authority to publicly release that court-martial's
5   records and filings, as such documents are under the supervision of the Judge Advocate
6   General of the Navy. *See* Judge Advocate General Instruction 5800.7G (Manual of the
7   Judge Advocate General), § 0158a ("Records of all trials by court-martial in the naval
8   service are under the supervision of the JAG.").  Defendant Butler lacks the authority
9   to direct any change in that policy.

10          In failing to allege that Defendant Butler can provide its requested relief or allege
11  an injury fairly traceable to Defendant Butler, Plaintiff has failed to establish
12  appropriate standing and failed to state a claim. Moreover, in light of the dispositive
13  nature of the arguments set forth above concerning the requested mandamus relief and
14  any challenges to the 2018 Guidance, Plaintiff has failed to allege an injury fairly
15  traceable to Defendants Krass and Austin. Rather, Plaintiff's alleged injuries-in-fact
16  involve disclosure and withholding decisions made within the Navy, and specifically
17  the Navy Office of the Judge Advocate General (OJAG).  *See, e.g.*, FAC ¶¶ 55-
18  60.  Thus, Plaintiff has failed to establish appropriate standing and failed to state a
19  claim against those Defendants. Accordingly, Defendants respectfully request the Court
20  find that Defendants Butler, Krass, and Austin are improper defendants and dismiss
21  Plaintiff's First Amended Complaint, in its entirety, with respect to Defendants Butler,
22  Krass, and Austin.

23
24
25
26
27
28

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to partially dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated:   June 23, 2023               Respectfully Submitted,

                                     RANDY S. GROSSMAN
                                     United States Attorney

                                     *s/Erin M. Dimbleby*
                                     ERIN M. DIMBLEBY
                                     Assistant United States Attorney

                                     *s/Katherine L. Parker*
                                     KATHERINE L. PARKER
                                     Assistant United States Attorney

                                     Attorneys for Defendants