1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  PRO PUBLICA, INC.,

Plaintiff,

12

13  v.

14  COMMANDER DEREK D.
BUTLER; VICE ADMIRAL DARSE
15  E. CRANDALL, JR.; CARLOS DEL
TORO; CAROLINE D. KRASS; and
16  LLOYD J. AUSTIN, III,

17                                    Defendants.

18

19

Case No.:  22-cv-1455-BTM-KSC

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
PARTIAL MOTION TO DISMISS**

**[ECF NO. 40]**

20

21      Pending before the Court is Defendants' motion to partially dismiss Plaintiff's

22  first amended complaint.  (ECF No. 40).  For the reasons discussed below, the

23  motion will be granted in part and denied in part.

24                                    **I. BACKGROUND**

25      Plaintiff Pro Publica, Inc., filed its amended complaint on May 19, 2023.

26  (ECF No. 38).  Plaintiff is a nonprofit news organization and alleges that the Navy

27  is "denying the public meaningful and timely access" to records in court-martial

28  proceedings.  (Id. at ¶ 1).  According to Plaintiff, the Navy denies the public access

to court records in all cases ending in acquittals.  (Id. at ¶¶ 61, 72).  Specifically, Plaintiff alleges it was denied access to court records in the Navy's prosecution of Seaman Apprentice Ryan Mays.  (Id. at ¶¶ 4–6).

Plaintiff brought suit against the following defendants:  Vice Admiral Darse E. Crandall Jr., the senior uniformed attorney in the Navy and commanding officer of the Navy's Judge Advocate General Corps; Carlos Del Toro, the Secretary of the Navy; Caroline D. Krass, General Counsel to the Department of Defense; Commander Derek D. Butler, the military judge who presided over the *Mays* case; and Lloyd J. Austin, III, the Secretary of Defense.

Plaintiff is seeking a declaratory judgment, a permanent injunction, and a writ of mandamus.  Plaintiff is seeking a writ of mandamus "directing Secretary Austin to prescribe the uniform standards and criteria for conduct concerning public access to docket information, filings, and records."  (Id. at ¶ 111).  Plaintiff claims that Secretary Austin has failed to properly carry out Article 140a of the Uniform Code of Military Justice, 10 U.S.C. § 940a, which provides that the "Secretary of Defense . . . shall prescribe uniform standards and criteria for" the "[f]acilitation" of the public's access to court records.

Defendants now move to partially dismiss the amended complaint and assert that: (1) the Court lacks jurisdiction over Plaintiff's mandamus claim because Plaintiff is seeking "to compel a non-ministerial and discretionary act"; (2) Plaintiff can only challenge policies currently in effect; (3) Plaintiff lacks standing to assert claims on behalf of Seaman Mays; and (4) Plaintiff's claims against Defendants Butler, Krass, and Austin are improper because those defendants cannot provide Plaintiff relief.  (ECF No. 40).

Under Federal Rule of Civil Procedure 8, each pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(quoting Fed. R. Civ. P. 8(a)(2)).  Federal Rule of Civil Procedure 12(b) permits dismissal for "lack of subject-matter jurisdiction" and for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b).

A complaint may survive a motion to dismiss only if it contains enough facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

When a motion to dismiss is granted, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Velez v. Cloghan Concepts LLC*, 387 F. Supp. 3d 1072, 1078 (S.D. Cal. 2019) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).  When assessing whether leave to amend should be granted, district courts should consider "four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## II. DISCUSSION

### A. Writ of Mandamus

A writ of mandamus "compel[s] a federal official to perform a duty" and may issue "only if: (1) the . . . claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

Defendants claim that Secretary Austin promulgated any standards or guidance required by Article 140a.  According to Defendants, Plaintiff cannot

satisfy the standard for mandamus because Secretary Austin exercised his discretion in determining which standards to enact under Article 140a, and thus there is no clear duty to enforce against the Secretary.

At this stage, the Court disagrees.  To be sure, Plaintiff's amended complaint recognizes that guidelines have been issued.  (ECF No. 38 at ¶ 43); *see also* (ECF No. 45).  However, Plaintiff has alleged that the Navy routinely denies the public access to court records.  Indeed, according to Plaintiff, the Navy does not provide court records in all cases resulting in acquittals.  The essence of Plaintiff's claim is that the Secretary has failed to fulfil his obligations under Article 140.  Plaintiff is claiming that the Secretary is using Article 140a to prevent public access to court records when the purpose of Article 140a is to facilitate public access to court records.

Plaintiff has plausibly alleged that the issued guidelines are clearly inconsistent with Congress' mandate in Section 940a.  That section instructs the Secretary to use "the best practices of Federal and State courts" when facilitating public access to court records.  10 U.S.C. § 940a.  If the Navy is denying the public access to court records in all cases ending in acquittals, then Plaintiff's claim that the Secretary has failed to comply with Section 940a is plausible.

To issue the writ, the Court need not specifically instruct the Secretary on which standards to issue.  Instead, the Court need only conclude that the issued guidelines are clearly insufficient under Section 940a, and that the Secretary must promulgate new guidelines merely sufficient under the section.  That would not be improper.  *See Knuckles v. Weinberger*, 511 F.2d 1221, 122 (9th Cir. 1975) ("[T]he fact that a statute requires construction by the administrator or the court in order to determine what duties it creates does not mean that mandamus is not proper to compel the officer to perform the duty, once it is determined.").  Indeed, Defendants' argument presupposes that Plaintiff could not bring a mandamus claim even if the Secretary's guidelines denied the public access to court records

4

in virtually every case.  The Court disagrees with that argument.

In short, because Plaintiff has plausibly alleged that the Secretary has clearly failed to issue sufficient standards under Section 940a, the Court declines to dismiss the mandamus claim on this ground.  Defendants have not sought to dismiss the mandamus claim on any other ground, and thus the Court will not at this time assess the other factors for the issuance of the writ.

### B. Outdated Policies and Standing

Next Defendants argue that Plaintiff cannot base its claims on outdated policies and that plaintiff lacks standing to assert claims on behalf of Seaman Mays.  However, dismissal of Plaintiff's claims is not the appropriate remedy for Defendants' argument that Plaintiff cannot base its claims on outdated policies. Defendants' argument is more suitable for a motion to strike, and the Court declines to sua sponte convert Defendants' motion into one.  *See Thompson v. Paul*, 657 F. Supp. 2d 1113, 1129 (D. Ariz. 2009) ("The Court is unaware, however, of any situation in which a Rule 12(b)(6) motion may be used to strike certain allegations in support of a claim, where the underlying claim itself is not challenged."); *Fairhaven Health, LLC v. BioOrigyn, LLC*, No. 11-1802, 2021 U.S. Dist. LEXIS 241794, *13 (W.D. Wash. Dec. 17, 2021) ("Rule 12(b)(6) may not be used to challenge specific allegations in a complaint; Rule 12(f) is the proper mechanism.").  Because Defendants' argument regarding outdated policies does not require dismissal of Plaintiff's claims, the Court will not dismiss Plaintiff's claims.

In response to Defendants' argument that Plaintiff cannot assert claims on behalf of Seaman Mays, Plaintiff represents that it is not doing so, and thus there appears to be no disagreement for the Court to address.  (ECF No. 41 at 20). Further, Plaintiff may assert, as it has, that Defendants are preventing it from obtaining records from Seaman Mays.  (ECF No. 38 at ¶ 98); *see Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 (1976)

(explaining that the constitutional right to free speech protects "the communication, to its source and to its recipients both").  The Court thus also declines to dismiss any of Plaintiff's claims on this basis.

### C. Defendants Butler, Krass, and Austin

Defendants claim that Defendants Krass and Austin must be dismissed because Plaintiff has failed to state a plausible claim for mandamus relief.  But because the Court rejected that argument above, the Court must also reject Defendants' request for dismissal of Defendants Krass and Austin.

Last, Defendants seek to dismiss Defendant Butler and claim that he cannot provide Plaintiff relief.  The Court agrees that the amended complaint fails to plausibly allege that Defendant Butler can provide Plaintiff relief.  Essentially all the allegations of the amended complaint pertain to the Navy and its policies.  The trial of Seaman Mays is over, which presumably ends Defendant Butler's connection to the case.  Defendant Butler is thus dismissed from the case.  To the extent Plaintiff can show that Defendant Butler can provide it with relief, Plaintiff will be granted leave to amend.  *See Owens*, 244 F.3d at 712.

//
//
//
//
//
//
//
//
//
//
//
//

### III. CONCLUSION

For the reasons stated, Defendants' partial motion to dismiss is granted in part and denied in part. Defendant Butler is dismissed from the case. Plaintiff may file an amended complaint within fourteen (14) days of the day this order is entered, which shall address any new policies or guidelines issued since it filed its amended complaint and any further amendments as to Defendant Butler. No further motions to dismiss may be filed except as to Defendant Butler.

The parties are to meet and confer to determine whether the facts at issue can be stipulated to. If they can be, the parties are to inform the Court and submit a proposed briefing schedule for dispositive motions. If discovery is needed, the parties are to contact Judge Crawford's chambers to establish an accelerated discovery timeline. Dispositive motions should be filed within six (6) months.

**IT IS SO ORDERED.**

Dated:  March 4, 2024

Honorable Barry Ted Moskowitz
United States District Judge