```
TARA K. McGRATH
United States Attorney
KATHERINE L. PARKER, SBN 222629
Chief, Civil Division
SAMUEL W. BETTWY, SBN 94918
Assistant U.S. Attorney
MARY CILE GLOVER-ROGERS, SBN 321254
Assistant U.S. Attorney
ERIN M. DIMBLEBY, SBN 323359
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7634/7125/7643/6987
Fax: (619) 546-7751
Katherine.Parker@usdoj.gov
Samuel.Bettwy@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Erin.Dimbleby@usdoj.gov
```

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICE ADMIRAL DARSE E. CRANDALL, JR., JAGC, USN; CARLOS DEL TORO; CAROLINE D. KRASS; and LLOYD J. AUSTIN, III, <br><br> Defendants. | Case No.: 22-cv-1455-BTM-KSC <br><br> **JOINT STATEMENT OF UNDISPUTED MATERIAL FACTS** |

Plaintiff Pro Publica, Inc. (Plaintiff or Pro Publica) and Defendants Vice Admiral Darse E. Crandall, Jr., Carlos Del Toro, Caroline D. Krass, and Lloyd J. Austin, III

(Defendants) hereby submit the following Joint Statement of Undisputed Material Facts.

By way of background, the Court's March 4, 2024 Order required the parties to "meet and confer to determine whether the facts at issue can be stipulated to" and to inform the Court regarding the same. ECF No. 47 at 7. After discussing the progress of such efforts at the May 20, 2024 case management conference, the Court required the parties to further meet and confer "to determine whether the facts at issue can be stipulated to." ECF No. 62 at 1. On June 4, 2024, the parties submitted a Joint Status Report regarding Stipulated Facts in which they stated their positions regarding the progress of developing a joint statement of undisputed material facts. ECF No. 65. On June 6, 2024, the Court ordered the parties' counsel "to continue to meet and confer and, no later than July 12, 2024, file a stipulation that encompasses all relevant facts to which the parties agree to stipulate." ECF No. 68. On July 1, 2024, the Court extended the deadline to July 22, 2024. ECF No. 73.

**Plaintiff's Position**: Consistent with the Courts' orders, ProPublica has engaged with Defendants in good faith since April 23, 2024 to attempt to stipulate to the relevant facts and avoid or narrow discovery. In that time, Defendants have repeatedly deleted from the parties' joint statement of facts numerous material facts, while at the same time noting that Defendants do not actually dispute these facts. Defendants' reasoning for its refusal to stipulate to these basic facts has shifted, first claiming they were not "material." ECF No. 65. After ProPublica repeatedly and painstakingly identified why each fact is relevant and material, Defendants now claim that these facts are "argumentative." Neither position has merit. For these reasons, the set of stipulated facts set forth below omits numerous key facts.

The facts to which Defendants refuse to stipulate detail the basic history and policies challenged in the Second Amended Complaint, including ProPublica's numerous requests for court access and Defendants' denials of those requests. For example, Defendants refuse to stipulate to their policy of not providing notice of Article 32 preliminary hearings, although they admit that this is their policy. They also continue to refuse to stipulate to the

fact that ProPublica reporter Megan Rose has submitted written requests seeking access to sexual assault and rape cases since March 30, 2023, despite having copies of those requests in their possession. And they will not stipulate to the Navy's denials of ProPublica's requests for contemporaneous access to any court records, notice of Article 32 hearings, access to exhibits, transcripts, and Article 32 hearing reports, and access to any records in cases ending in a full acquittal (other than, in some cases, access to charge sheets months later). None of this is disputed; and these are clearly facts and not arguments.

In addition, Defendants have refused to stipulate to the relevant facts to the extent they use basic court access terminology. ProPublica has proposed using the term "court records," consistent with court access case law, meaning all records filed with or by the court, but Defendants have insisted that the parties use two defined terms from a JAG Instruction and its enclosures—"filings" and "trial-level court documents." Those terms are misleading because they only apply to certain specific documents, and they exclude other documents, such as exhibits, evidence, transcripts, and Article 32 preliminary hearing reports. JAG Instr. 5813.2A. Use of these terms would be inaccurate because ProPublica is seeking access to *all* documents filed in a case, not merely these subsets of documents. Use of Defendants' terms—without even defining them, as Defendants have proposed—could also lead the Court to incorrectly believe these terms refer to court records more broadly.

ProPublica has spent significant time identifying the material facts in this case and attempting to work with Defendants to develop a joint statement that sets forth all material, undisputed facts. Unfortunately, it appears Defendants are unwilling to meaningfully engage in this endeavor. Accordingly, ProPublica does not believe further conferral efforts with Defendants will be productive.

**Defendants' Position:** Plaintiff and Defendants met and conferred in good faith for purposes of arriving at the foregoing Joint Statement Undisputed Material Facts. Defendants contend that it is inappropriate to discuss the parties' conferral efforts in this

document. Defendants disagree with Plaintiff's characterization of those discussions. Consistent with the Court's June 6 Order, the below undisputed material facts encompass "all relevant facts to which the parties agree to stipulate." *See* ECF No. 68.

## UNDISPUTED MATERIAL FACTS

1. The initial session in the general court-martial case of *United States v. Mays* was held on March 17, 2022, and then-Seaman Recruit (SR) Ryan Mays was arraigned the same day. A motions hearing was held June 24-27, 2022, and a trial on the merits began September 19, 2022.

2. On July 7, 2022, Plaintiff's employee Ms. Rose requested access to all records in the *Mays* court-martial.

3. The charge sheet had been previously released to the public, and the search warrant materials had been publicly filed in federal court.

4. The Navy's Office of the Judge Advocate General (OJAG) denied Ms. Rose's July 7, 2022 request.

5. Between July 13 and August 13, 2022, the parties conferred on the propriety of OJAG's denial.

6. On August 15, 2022, Plaintiff submitted a letter to Commander Derek D. Butler, the military judge assigned to the *Mays* court-martial, requesting access to all court-martial filings in that case and contemporaneous access to future court filings in the case, or alternatively, clarification that SR Mays could exercise his First and Sixth Amendment rights to disclose the records himself.

7. On August 16, 2022, SR Mays filed his own motion requesting release of the court records in his case.

8. At a hearing on August 17, 2022, Commander Butler denied Plaintiff's August 15, 2022, letter request, but permitted Plaintiff to submit a formal motion requesting documents from the *Mays* court-martial.

9. On August 22, 2022, Plaintiff filed a motion for the release of documents with

the military judge presiding over the *Mays* court-martial, who also denied the request.

10.  On September 27, 2022, Plaintiff filed this lawsuit.

11.  On September 30, 2022, SR Mays was found not guilty of all charges.

12.  On October 27, 2022, the Navy received a Privacy Act waiver from SR Mays and subsequently provided Plaintiff access to certain trial documents that contained redactions.

13.  Specifically, between approximately October 28 and November 7, 2022, the Navy produced approximately 131 *Mays* trial court documents to Plaintiff on a rolling basis, 94 of which contained redactions.

14.  The parties conferred on the propriety of the redactions between November 2022 and January 2023.

15.  On March 6, 2023, the Navy produced 22 trial court documents from the *Mays* court-martial, which included documents previously released with the removal of certain redactions, including the removal of redactions of names of third parties and signature blocks of counsel and the judge.

16.  On April 14, 2023, the Navy provided Plaintiff with a *Vaughn* index and accompanying "Key" listing the trial documents—including but not limited to defense exhibits, prosecution exhibits, and appellate exhibits—that the Navy withheld in full or in part and identifying the reasons for the Navy's withholdings.

17.  Some of the enclosures to the appellate exhibits that were released included redacted excerpts of both the Article 32 report and the transcript from the Art. 32 preliminary hearing.

18.  On June 13, 2023, the Navy produced 10 additional redacted trial documents to Plaintiff.

19.  Plaintiff has published the *Mays* records online, including the *Vaughn* index, and key.

/ / /

| | | |
|---|---|---|
| 1 | DATED: July 22, 2024 | Respectfully submitted, |
| 2 | | PRO PUBLICA, INC. |
| 3 | | s/*Sarah Matthews* |
| 4 | | SARAH MATTHEWS |
| | | Attorney for Plaintiff |
| 5 | | |
| 6 | DATED: July 22, 2024 | TARA K. McGRATH |
| | | United States Attorney |
| 7 | | |
| | | KATHERINE L. PARKER |
| 8 | | Chief, Civil Division |

DATED: July 22, 2024    Respectfully submitted,

PRO PUBLICA, INC.

s/*Sarah Matthews*
SARAH MATTHEWS
Attorney for Plaintiff

DATED: July 22, 2024    TARA K. McGRATH
United States Attorney

KATHERINE L. PARKER
Chief, Civil Division

s/*Samuel W. Bettwy*
SAMUEL W. BETTWY
Assistant U.S. Attorney

s/*Erin M. Dimbleby*
ERIN M. DIMBLEBY
Assistant U.S. Attorney

s/*Mary Cile Glover-Rogers*
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorney

Attorneys for Defendants

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I hereby certify that the content of this document is acceptable to counsel for Plaintiff Pro Publica, Inc., and that I have obtained authorization to affix her electronic signature to this document.

Dated: July 22, 2024    s/*Mary Cile Glover-Rogers*
MARY CILE GLOVER-ROGERS
Assistant United States Attorney