```
 1                    UNITED STATES DISTRICT COURT

 2               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3   PRO PUBLICA, INC.,               )
                                      )  No. 22-CV-1455-BTM
 4             Plaintiff,             )
                                      )
 5   v.                               )  September 29, 2025
                                      )
 6   COMMANDER DEREK D. BUTLER; et al,)
                                      )  Courtroom 15B
 7             Defendants.            )
     _____)  San Diego, California
 8

 9                    TRANSCRIPT OF PROCEEDINGS

10                       (Status Conference)

11

12        BEFORE THE HONORABLE BARRY TED MOSKOWITZ

13

14

15

16

17

18

19

20   COURT REPORTER:      JENNIFER GIBSON
                          CACSR NO. 12802
21                        U.S. District Court
                          333 West Broadway, Suite 420
22                        San Diego, CA 92101
                          Jennifer_Gibson@casd.uscourts.gov
23

24   Reported by Stenotype:  Transcribed by Computer

25
```

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF:        MICHAEL H. DORE
                               MARISSA M. MULLIGAN (Telephonic)
 3                             Gibson Dunn & Crutcher, LLP
                               333 South Grand Avenue, Suite 4600
 4                             Los Angeles, California 90071
                               (213)229-7652
 5                             mdore@gibsondunn.com

 6

 7                             SARAH MATTHEWS (Telephonic)
                               ProPublica
 8                             155 Avenue of the Americas, 13th Floor
                               New York, New York 10013
 9                             (917)512-0288
                               sarah.matthews@propublica.org
10

11
                               MATTHEW G. HALGREN
12                             TENAYA RODEWALD (Telephonic)
                               Sheppard Mullin Richter & Hampton
13                             501 West Broadway, 19th Floor
                               San Diego, California 92101
14                             (619)338-6684
                               mhalgren@sheppardmullin.com
15

16

17   FOR THE DEFENDANTS:       JULIET KEENE
                               SAMUEL W. BETTWY
18                             MARY TOMMICILE GLOVER-ROGERS
                               DOJ-USAO
19                             Office of the United States Attorney
                               880 Front Street, Room 6293
20                             San Diego, California 92101
                               (619)546-6768
21                             juliet.keene@usdoj.gov

22

23

24

25
```

```
 1                    (Monday, September 29, 2025; 6:04 P.M.)
 2
 3                          P R O C E E D I N G S
 4
 5          THE CLERK:  CALLING CALENDAR MATTER NUMBER 10,
 6   22-CV-1455, PRO PUBLICA, INC. V. BUTLER ET AL.
 7          THE COURT:  APPEARANCES, PLEASE.
 8          MR. DORE:  GOOD AFTERNOON, YOUR HONOR.  MICHAEL DORE
 9   ON BEHALF OF PLAINTIFF, PRO PUBLICA.
10          MR. HALGREN:  GOOD AFTERNOON.  MATTHEW HALGREN, ALSO
11   ON BEHALF OF PRO PUBLICA.
12          MR. DORE:  I BELIEVE, YOUR HONOR, WE HAVE A FEW PEOPLE
13   ON THE PHONE.
14          MS. MATTHEWS:  YES, YOUR HONOR.  SARAH MATTHEWS FOR
15   PRO PUBLICA.
16          MS. MULLIGAN:  MARISSA MULLIGAN FROM GIBSON DUNN, ALSO
17   FOR PRO PUBLICA.
18          MS. RODEWALD:  TENAYA RODEWALD ON BEHALF OF PRO
19   PUBLICA.
20          MS. KEENE:  GOOD AFTERNOON, YOUR HONOR.  JULIET KEENE
21   ON BEHALF OF THE DEFENDANTS.  AND TO MY LEFT IS CAPTAIN STEWART
22   KIRBY WHO IS WITH THE UNITED STATES NAVY.  TO HIS LEFT IS
23   LIEUTENANT COMMANDER BRIAR SHEETS, ALSO WITH THE UNITED STATES
24   NAVY.  WE HAVE MARY CILE GLOVER-ROGERS, AUSA, ON BEHALF OF THE
25   DEFENDANTS.  AND BEHIND ME IS SAM BETTWY, ALSO WITH THE
```

1  DEFENDANTS. I BELIEVE WE HAVE OTHERS ON THE LINE AS WELL, BUT

2  THEY ARE AGENCY COUNSEL. I -- NOT COUNSEL OF RECORD IN THE

3  CASE.

4      **THE COURT:** DOES EITHER PARTY EXPECT TO APPEAL?

5      **MR. DORE:** YOUR HONOR, ON BEHALF OF PRO PUBLICA, WE

6  ARE EVALUATING THAT, AND THAT'S, IN PART, INFORMED BY THE FINAL

7  JUDGMENT THAT WILL BE ENTERED. AS OF NOW, THAT DECISION HAS

8  NOT BEEN MADE.

9      **MS. KEENE:** YOUR HONOR, THE SAME ANSWER ON BEHALF OF

10  THE DEFENDANTS. WE HAVE NOT MADE ANY DETERMINATION.

11      **THE COURT:** I HAVE READ BOTH PROPOSALS, AND THE NAVY'S

12  PROPOSAL IS THE ONE I WOULD PREFER WORKING WITH. WHAT DOES THE

13  PLAINTIFF THINK IT SHOULD INCLUDE?

14      **MR. DORE:** YOUR HONOR, MAY I SPEAK FROM THE LECTURN,

15  OR WOULD YOU PREFER I SPOKE FROM -- YOUR HONOR, WORKING OFF OF

16  THE SUBMISSION BY THE DEFENDANTS, THERE WERE SEVERAL ELEMENTS

17  THAT WE THOUGHT SHOULD BE INCLUDED, THE FIRST OF WHICH IS A

18  REFERENCE TO THE FIRST AMENDMENT. THE PROPOSAL SUBMITTED BY

19  THE GOVERNMENT OMITS ANY MENTION OF THE FIRST AMENDMENT, AND IN

20  DOING SO, COLLAPSES THE RIGHTS OF ACCESS UNDER THE UNITED

21  STATES CONSTITUTION WITH ANY STATUTORY OR OTHER BASIS. AND

22  SIMPLY REFERRING TO PUBLIC ACCESS, PUBLIC RIGHT OF ACCESS. I'M

23  HAPPY TO ELABORATE ON THAT, BUT A SECOND COMPONENT THAT WE

24  THINK SHOULD AND WOULD NEED TO BE INCLUDED IN LIGHT OF THE

25  COURT'S ORDER WOULD RELATE TO THE INJUNCTIVE RELIEF THAT THE

```
 1   COURT HAD ORDERED.  THERE'S A REFERENCE TO DECLARATORY RELIEF
 2   BEING GRANTED AT THE OUTSET OF PAGE 2, BUT NO REFERENCE TO THE
 3   INJUNCTIVE RELIEF THAT HAD BEEN ORDERED BY THE COURT.
 4        THE -- GETTING BACK TO THE FIRST ELEMENT THAT I DESCRIBED
 5   WITH REFERENCE TO THE FIRST AMENDMENT, IN OUR VIEW, THE
 6   APPLICATION OF THE FIRST AMENDMENT RIGHT OF ACCESS, THE
 7   SUBSTANTIVE AND THE PROCEDURAL COMPONENTS OF THAT RIGHT OF
 8   ACCESS THAT ARE RECOGNIZED BY THE MILITARY COURTS, THE NINTH
 9   CIRCUIT, AND THE SUPREME COURT, WE THINK SHOULD BE INCLUDED AS
10   WELL.  SIMPLY REFERRING TO A RIGHT OF ACCESS, OR AS WE BELIEVE
11   THERE SHOULD BE INCLUDED A FIRST AMENDMENT RIGHT OF ACCESS,
12   THERE ARE NECESSARY COMPONENTS TO THAT INCLUDING A FINDING, A
13   SPECIFIC FINDING THAT A COMPELLING INTEREST HAS BEEN SATISFIED
14   OR WOULD BE SATISFIED BY THE CLOSURE, THAT THE CLOSURE OR
15   SEALING IS NARROWLY TAILORED AND THAT THERE ARE SPECIFIC
16   FINDINGS STATING AS MUCH.
17        THAT APPLICATION OF THE FIRST AMENDMENT RIGHT OF ACCESS AND
18   THOSE CONSTITUENT PARTS TO IT WE BELIEVE ARE FUNDAMENTALLY
19   IMPORTANT AND SHOULD BE INCLUDED IN THE ORDER TO PROVIDE
20   GUIDANCE TO THE GOVERNMENT IN PROVIDING THE PROPER ACCESS, AS
21   DEFINED OBVIOUSLY WITHIN THE SCOPE OF THIS COURT'S ORDER, BUT
22   BY THE SUPREME COURT AND PRESS-ENTERPRISE AND MYRIAD OTHER
23   AUTHORITIES IN SAYING WHAT THAT FIRST AMENDMENT RIGHT ENTAILS.
24        ANOTHER COMPONENT THAT WE BELIEVE SHOULD BE INCLUDED WITHIN
25   THE FINAL JUDGMENT WOULD BE FLESHING OUT WHAT THE NOTICE WITH
```

```
 1   RESPECT TO AN ARTICLE 32 HEARING WOULD ENTAIL.  YOUR HONOR, IN
 2   THE ORDER, REFERRED TO PROVIDING NOTICE THAT IS REASONABLY
 3   SUITED TO FACILITATE ATTENDANCE BY INTERESTED OBSERVERS.  THAT
 4   WAS A ELEMENT THAT WE HAD TRIED TO FLESH OUT IN OUR PROPOSAL AS
 5   FAR AS WHAT INFORMATION WOULD PROVIDE THAT NOTICE.  AND IN THE
 6   SUBMISSION BY THE GOVERNMENT, THERE WAS SIMPLY A REFERENCE TO
 7   "NOTICE," BUT IT WAS LEFT UNSTATED WHAT THAT NOTICE WOULD BE
 8   FOR OR WHAT IT WOULD BE OF.  AND SO WE PROPOSE TO INCLUDE SOME
 9   SPECIFICS AS TO WHAT INFORMATION WOULD PROVIDE A REASONABLY
10   INTERESTED OBSERVER WITH THE INFORMATION THEY NEEDED TO HAVE IN
11   ORDER TO DECIDE WHETHER TO SEEK TO ATTEND.
12         AND AN ADDITIONAL COMPONENT THAT WE BELIEVE -- OBVIOUSLY
13   YOUR HONOR IS THE ARBITER OF YOUR HONOR'S INTENTION WITH
14   RESPECT TO THE COURT'S ORDER -- RELATED TO THE TRANSCRIPTS OF
15   THE OPEN PROCEEDINGS THEMSELVES.  THE WAITING WHAT COULD BE
16   MONTHS FOR THE CERTIFICATION OF A TRIAL TRANSCRIPT WHILE
17   WITHHOLDING AND NOT MAKING AVAILABLE TO THE PUBLIC THE -- ANY
18   TRANSCRIPTION THAT MAY EXIST OF WHAT ANYONE COULD HAVE OBSERVED
19   FROM THE GALLERY, WE UNDERSTOOD BY VIRTUE OF THE COURT'S
20   CITATION/QUOTATION FROM THE ANTAR CASE FROM THE THIRD CIRCUIT,
21   FOR EXAMPLE, AND DISCUSSION OVERALL OF THE -- THE ACCESS TO
22   WHAT SOMEONE COULD ACTUALLY PERCEIVE IN THE COURTROOM ITSELF AS
23   POTENTIALLY SETTING APART THE TRANSCRIPT OF THE PROCEEDING THAT
24   SOMEONE SITTING IN THE GALLERY -- THE TRANSCRIPT OF THE
25   PROCEEDING SOMEONE SITTING IN THE GALLERY MAY HAVE HEARD.  SO
```

```
 1   THAT WAS AN ELEMENT OF OUR ORDER THAT WAS NOT ENCOMPASSED

 2   WITHIN WHAT WAS SUBMITTED BY THE GOVERNMENT.

 3       SO THOSE ARE THE KIND OF HIGHER SORT OF OVERARCHING ISSUES

 4   THAT WE WOULD ASK THE COURT TO CONSIDER INCLUDING WITHIN THE

 5   FINAL JUDGMENT.  YOU KNOW, THERE ARE VARIOUS OTHER ASPECTS BUT

 6   -- THERE WITHIN THE ORDER ITSELF -- BUT JUST, YOU KNOW, TO

 7   CLARIFY AS FAR AS THE TIMING, I BELIEVE THE GOVERNMENT INCLUDED

 8   WITHIN ITS PROPOSAL ANTICIPATING A SCENARIO WHERE THERE WOULD

 9   NOT BE A CERTIFIED TRIAL RECORD BECAUSE THE PROCEEDINGS HAD

10   CONCLUDED IN ADVANCE OF THE TRIAL HAPPENING OR CONCLUDING.

11       SO TO TAKE AS AN EXAMPLE, AN ARTICLE 32 HEARING WHERE THERE

12   WAS NO RECOMMENDATION FOR A COURT-MARSHAL PROCEEDING, AND THE

13   COURT-MARTIAL PROCEEDING DID NOT TAKE PLACE, OR WHERE THERE WAS

14   OTHERWISE A RESOLUTION AFTER THE ARTICLE 32 HEARING WHEREBY

15   EVEN IN THE MIDDLE OF A COURT-MARTIAL IT WAS NOT COMPLETED,

16   JUST ANTICIPATING THAT SCENARIO.  SO I THINK THE GOVERNMENT HAD

17   WITHIN ITS PROPOSAL ANTICIPATED THAT SITUATION.  WE HAD

18   INCLUDED SOME PROPOSED LANGUAGE FOR YOUR HONOR'S CONSIDERATION

19   WITH PROPOSED TIMELINES FOR THAT.  THAT WAS NOT, TO BE CLEAR,

20   WITHIN THE FOUR CORNERS OF THE COURT'S ORDER EXPLICITLY.  BUT

21   SPEAKING ON BEHALF OF PRO PUBLICA AT LEAST, WE WERE TRYING TO

22   TAKE INTO CONSIDERATION THE EVENTUALITY AND LIKELIHOOD, THE

23   CERTAINTY THAT THERE WOULD BE PROCEEDINGS THAT OCCUR IN THE

24   ARTICLE 32 CONTEXT, FOR EXAMPLE, THAT DID NOT RESULT IN A

25   CERTIFIED TRIAL RECORD.
```

```
 1      SO THOSE WERE THE ELEMENTS THAT WE WOULD ASK YOUR HONOR TO
 2   CONSIDER FOR INCLUSION.
 3           THE COURT:   IT IS EASY TO ADD THE FIRST AMENDMENT.  AS
 4   TO THE REDACTIONS, WHAT DO YOU PROPOSE?
 5           MR. DORE:   YOUR HONOR, I APOLOGIZE, BUT COULD YOU
 6   CLARIFY YOUR QUESTION WITH RESPECT TO THE REDACTIONS?
 7           THE COURT:   AS TO THE REDACTIONS, WHAT DO YOU PROPOSE?
 8   I ENVISION THE TRANSCRIPTS AND EXHIBITS BEING DISCLOSED WITHIN
 9   30 DAYS OF THE CONCLUSION OF THE PROCEEDINGS MINUS REDACTIONS
10   FOR COMPELLING REASONS.
11      WHAT DOES THE NAVY SUGGEST AS TO HOW THAT WOULD OCCUR, AS
12   THERE IS NO COURT TO MAKE FINDINGS?
13           MS. KEENE:   YOUR HONOR, THE UCMJ MANUAL ALREADY
14   CONTAINS RULES AND PROVISIONS THAT DIRECT PRELIMINARY HEARING
15   OFFICERS AS TO HOW TO REDACT AND SEAL DOCUMENTS.  THOSE
16   REDACTIONS TAKE PLACE IN ACCORDANCE WITH STATUTES, THE PRIVACY
17   ACT, SOMETIMES FOIA EXEMPTIONS, NONE OF WHICH HAVE BEEN RAISED
18   OR DEEMED UNCONSTITUTIONAL IN THIS CASE.  SO I BELIEVE WHAT THE
19   COURT MAY BE FOCUSED ON IS PRO PUBLICA HAD SUGGESTED IN THEIR
20   ORDER A SPECIFIC PROCESS, SO THEY -- THEY PUT IN A CLAUSE THAT
21   THEY CREATED THAT REQUIRES SPECIFIC ON-THE-RECORD FINDINGS.
22   AND THE EXISTING MANUAL CONTAINS GUIDANCE ALREADY THAT
23   DESIGNATES HOW SEALING REDACTIONS SHOULD OCCUR.  THOSE RULES
24   WERE NOT AT ISSUE IN THIS CASE.  THEY'RE NOT PART OF THE
25   PLEADINGS OR THE BRIEFINGS AND THE STATUTES, INCLUDING FOIA,
```

```
 1   THE PRIVACY ACT REMAIN IN PLACE.  AND SO WE ENVISION THE NAVY
 2   IMPLEMENTING THEIR REDACTIONS AND, YOU KNOW, WITHHOLDINGS
 3   PROCESS WITHIN THE TIME FRAME PROVIDED BY THE COURT WHICH HAS
 4   BEEN DEEMED TO BE 30 DAYS.
 5        DOES THAT ANSWER THE COURT'S QUESTION?
 6             THE COURT:  THIRTY DAYS FROM THE CONCLUSION OF THE
 7   PROCEEDINGS.  HOW WOULD THE PLAINTIFF CHALLENGE THAT RULING?
 8             MR. DORE:  YOUR HONOR, I THINK THE ISSUE IS WHAT WOULD
 9   BE REDACTED AND NOT DISCLOSED AT THAT 30 DAY -- AFTER THE
10   PROCEEDING MARK, AND WHAT THE BASIS WAS FOR KEEPING IT UNDER
11   SEAL IN THE FIRST PLACE AND GOING FORWARD.  SO WITH RESPECT TO
12   THE -- WHATEVER THE MANUAL SAYS, THE UNITED STATES SUPREME
13   COURT HAS HELD THAT THE SEALING MUST BE NARROWLY TAILORED, IT
14   MUST SERVE A COMPELLING INTEREST, AND THERE MUST BE ARTICULABLE
15   FINDINGS ON THE RECORD TO SUBSTANTIATE THAT.  OUR CONCERN IS
16   THAT IF THE NAVY, AND AS REFLECTED IN ITS ORDER WHERE THE NAVY
17   DESCRIBES ITSELF AS THE ULTIMATE ARBITER ON THE -- THE NAVY
18   CONTROLS THE RELEASE OF FILINGS IN ARTICLE 32 PROCEEDINGS.
19   THAT READS THE MILITARY JUDGE AND THE ARTICLE 32 OFFICER
20   COMPLETELY OUT OF THIS.  AND WHILE THE COURT DID NOT HOLD THAT
21   FOIA'S UNCONSTITUTIONAL, THE COURT HELD IN ITS DISCUSSION OF
22   ACLU V. DOJ THAT THE FOIA DID NOT SUPERCEDE THE FIRST AMENDMENT
23   RIGHT OF ACCESS, AND THAT COURT DID NOT ADDRESS THE
24   CONSTITUTIONAL RIGHT OF ACCESS.
25        SO THE ISSUE, YOUR HONOR, IS WE MAY RESPECTFULLY FEEL
```

1  DIFFERENT ABOUT THE APPROPRIATE TIME FRAME FOR RELEASE AND THE
2  FACT THAT THE MILITARY JUDGE, AS OPPOSED TO THE SERVICE MEMBERS
3  RENDERING JUDGMENT AND COURT-MARTIAL, IS IN A POSITION TO
4  ADDRESS SEALING QUESTIONS.
5       BUT PUTTING THAT ALL ASIDE, THE ISSUE IS WHY WAS THE
6  MATERIAL SEALED IN THE FIRST PLACE, AND WHY WILL THAT REMAIN
7  UNDER SEAL WHEN OTHER THINGS ARE RELEASED AFTER 30 DAYS.  AND
8  THE CONCERN THAT WE HAVE IS THAT SIMPLY INVOKING STATUTES AND
9  FOIA IS SOMEHOW GOING TO BE THE NAVY'S DECISION TO JUST SORT OF
10 PLANT A STAMP ON THIS SAYING THAT IT SHOULD BE MAINTAINED UNDER
11 SEAL WITHOUT ANY MILITARY JUDGE OVERSIGHT TO ACKNOWLEDGE THAT
12 THE NATIONAL SECURITY IMPLICATIONS ARE, FOR EXAMPLE, PER YOUR
13 COURT'S -- YOUR HONOR'S LANGUAGE BONA FIDE, THAT THEY -- FIRST
14 AMENDMENT STANDARD HAS BEEN SATISFIED AS OPPOSED TO THE
15 GOVERNMENT POTENTIALLY, IN A SELF-SERVING WAY, INVOKING A
16 STATUTE THAT DOES NOT SUPERCEDE THE CONSTITUTION OF THE UNITED
17 STATES.  IF THE HEARING OFFICER OR THE MILITARY JUDGE
18 DETERMINES THAT A COMPELLING INTEREST HAS BEEN SHOWN, THAT THE
19 PROPOSED SEALING IS SUFFICIENTLY NARROWLY TAILORED AND THEN
20 MAKES FINDINGS, ALL CONSISTENT WITH PRESS-ENTERPRISE,
21 OREGONIAN, THE ABC CASE IN THE MILITARY COURTS, ET CETERA, THEN
22 ON A CASE-BY-CASE CIRCUMSTANCE-BY-CIRCUMSTANCE BASIS, THAT MAY
23 BE WARRANTED.  BUT THE CONCERN WE HAVE WITH RESPECT TO THE
24 TIMING, EVEN ASIDE FROM THE TIME ITSELF, IS HOW WE GOT TO THE
25 REDACTIONS IN THE FIRST PLACE.  AND THE CONCERN THAT WE HAVE

```
 1   WITH THE ORDER SUBMITTED, THE PROPOSED FINAL JUDGMENT SUBMITTED
 2   BY THE GOVERNMENT IS IT'S BASICALLY GIVING THEM CARTE BLANCHE
 3   TO DECIDE WHAT IS UNDER SEAL WITHOUT ANY SUBMISSION TO A
 4   INDEPENDENT JUDICIAL OFFICER OR ANY INDICATION THAT IT HAS
 5   SATISFIED THE CONSTITUTIONAL STANDARDS.
 6           THE COURT:  ANY RESPONSE BY THE NAVY?
 7           MS. KEENE:  YES, YOUR HONOR.  AND THIS IS THE CRUX OF
 8   THE ISSUE.  THE DEPARTMENT OF DEFENSE AND THE NAVY, THEY --
 9   THEY'RE HERE TODAY.  THEY HAVE WITH THEM THEIR -- A LARGE
10   NUMBER OF RULES THAT HAVE TO BE AMENDED IN ORDER TO COMPLY WITH
11   THE COURT'S ORDER.  AND THEY'RE WORKING THROUGH THAT PROCESS
12   RIGHT NOW.  BUT THE FACT REMAINS THAT THE DEPARTMENT OF DEFENSE
13   AND THE NAVY MAINTAIN DISCRETION OVER THEIR COURT-MARTIAL
14   SYSTEM.  PRO PUBLICA'S FORM OF ORDER AND THE THINGS THAT
15   THEY'RE ASKING FOR GOES FAR BEYOND THE COURT'S ORDER AND ISSUES
16   THAT WERE BRIEFED AND ISSUES THAT WERE RULED UPON IN THIS CASE.
17   AND IMPLEMENTATION, IT ENTAILS AMENDMENTS OF MULTIPLE
18   INSTRUCTIONS MANUALS, GLOBAL TRAINING OF PRELIMINARY HEARING
19   OFFICERS, AND I THINK THERE ARE SOME FUNDAMENTAL
20   MISUNDERSTANDINGS ABOUT THE COURT-MARTIAL SYSTEM WHICH HAVE
21   CREATED SOME CONFUSION OVER WHAT THE NAVY AND DEPARTMENT OF
22   DEFENSE CAN DO.  THERE ARE NO STANDING TRIAL COURTS LIKE THIS
23   ONE.  THERE ARE NOT ATTORNEYS INVOLVED IN EVERY CASES OR
24   JUDGES.  THERE'S NOBODY STANDING BY TO MAKE THESE SORTS OF
25   CALLS.  AND THERE ARE EXISTING RULES THAT THE NAVY HAS
```

```
 1   PROMULGATED AND DEPARTMENT OF DEFENSE THAT GOVERN THE STANDARDS
 2   FOR SEALING, AND THOSE SHOULD BE LEFT WITHIN THE DISCRETION OF
 3   THE NAVY AND DOD.  THE COURT DIDN'T ADDRESS THAT QUESTION.  IT
 4   WASN'T BRIEFED.  IT'S NOT SOMETHING THAT IS CONTAINED WITHIN
 5   THE COURT'S ORDER.
 6        IN ORDER TO HAVE PRO PUBLICA OR AN OUTSIDE ENTITY
 7   ESSENTIALLY REQUIRE SOME SORT OF ON-THE-RECORD FINDINGS AT THIS
 8   PHASE WHEN THAT'S NOT SOMETHING THAT WAS CONTEMPLATED BY THE --
 9   AT THE SUMMARY JUDGMENT PHASE IN THIS CASE, IS NOT SOMETHING
10   THAT WAS RULED UPON, WOULD BE INAPPROPRIATE.  AND I THINK IT'S
11   CONTRARY TO THIS COURT'S ORDER, WHICH THE LANGUAGE THE COURT
12   USED WE INCORPORATED INTO OUR ORDER, WHICH IS ESSENTIALLY THAT
13   THE GOVERNMENT HAS THE RIGHT TO CONTROL FILINGS IN ARTICLE 32
14   AND COURT-MARTIAL PROCEEDINGS AND DETERMINE WHETHER THE RELEASE
15   OF EVIDENCE WOULD VIOLATE A STATUTE, RAISE NATIONAL SECURITY
16   CONCERNS, OR MUST BE PREVENTED FOR OTHER VALID AND COMPELLING
17   REASONS.  THAT IS THE LANGUAGE IN THIS COURT'S JUDGMENT, AND
18   THAT'S THE -- OR IN THIS COURT'S ORDER, AND THAT'S THE LANGUAGE
19   THAT'S PROPOSED IN DEFENDANT'S FORM OF JUDGMENT.  TO CREATE
20   SOME ADDITIONAL SYSTEM AND BURDEN ON THE NAVY AND DOD, TO
21   MICROMANAGE HOW THEY SEAL RECORDS AND ALL OF THEIR RULES THAT
22   ALREADY ARE IN EXISTENCE, WITHOUT ANY SORT OF FINDINGS OR
23   BRIEFING ON THOSE ISSUES, WOULD BE INAPPROPRIATE.
24             **THE COURT:**  SO WHAT WOULD THE PROCESS LOOK LIKE?
25             **MS. KEENE:**  SO THE PROCESS WOULD ESSENTIALLY --
```

```
 1   IMPLEMENTATION WHICH IS ALREADY UNDER WAY, THE NAVY IS GOING TO
 2   PROVIDE TRAINING TO ITS OFFICERS GLOBALLY, AND THEY WOULD BE
 3   TRAINED ON THE STANDARDS FOR SEALING DOCUMENTS.  AND TO COMPLY
 4   WITH THE COURT'S ORDER, THE RECORDS THAT ARE FILED IN THESE
 5   CASES SHOULD BE PUBLICLY PROVIDED UPON REQUEST.  AND I THINK
 6   THAT, YOU KNOW, JUST ZOOMING OUT HERE, PRO PUBLICA'S INITIAL
 7   SECOND AMENDED COMPLAINT, THE BIG ASK HERE WAS A PACER-LIKE
 8   SYSTEM AND CONTEMPORANEOUS PUBLIC ACCESS.  THEY DIDN'T GET THE
 9   CONTEMPORANEOUS PUBLIC ACCESS, BUT WHEN WE THINK ABOUT WHAT THE
10   PACER-LIKE SYSTEM INVOLVES, THOSE ARE FILINGS IN OUR CASES,
11   RIGHT?  CRIMINAL CASES, CIVIL CASES, THOSE ARE FILINGS THAT GO
12   INTO THE PUBLIC RECORD.  EVERY SINGLE DOCUMENT ASSOCIATED WITH
13   A CASE DOESN'T GET FILED ON PACER.  AND EVEN IF THIS COURT HAD
14   GRANTED THAT CONTEMPORANEOUS PUBLIC ACCESS IN A PACER-LIKE
15   SYSTEM, NOT EVERY SINGLE DOCUMENT ASSOCIATED WITH EVERY SINGLE
16   COURT-MARTIAL OR ARTICLE 32 WOULD BE PRODUCED.
17        WHAT ABOUT DISCOVERY?  WHAT ABOUT MEDICAL RECORDS?  MENTAL
18   HEALTH RECORDS?  AND PRO PUBLICA'S FORM OF ORDER, IT DOES
19   CONTAIN LANGUAGE ABOUT SPECIFIC RECORDS THAT WERE NOT DISCUSSED
20   AND WERE NOT RULED UPON IN THE COURT'S ORDER; NAMELY, ARTICLE
21   32 REPORTS.  THOSE ARE NOT FILINGS IN A CASE.  THOSE ARE THINGS
22   THAT ARE EXCHANGED AMONGST THE PARTIES.  THEY'RE NOT PUBLICLY
23   ACCESSIBLE AND PUBLICLY AVAILABLE.  WHEN REQUESTED VIA FOIA,
24   THEY'RE HEAVILY REDACTED PRIOR TO PRODUCTION UNDER EXEMPTION
25   FIVE WHICH IS THE DELIBERATIVE PROCESS PRIVILEGE.  THEY'RE
```

1   NONBINDING RECOMMENDATIONS THAT ARE NOT PART OF THE SYSTEM.

2   AND SO THAT'S ONE EXAMPLE.

3       WE ALSO DIDN'T HAVE ANY DISCUSSION IN ADVANCE ABOUT WHAT

4   SORTS OF RECORDS WOULD BE AVAILABLE ON THE DOCKET.  THERE'S

5   BEEN NO FINDING OF -- THAT THE CURRENT DOCKET INFORMATION IS

6   INADEQUATE.  IN FACT, THE COURT JUST SAID THAT THIS ISSUE IS

7   NOT MOOT, THE NAVY COULD GO BACK TO NOT PROVIDING THIS -- THIS

8   DOCKET INFORMATION ON ITS PUBLIC WEBSITE, BUT THERE WERE NO

9   CRITICISMS AT THE TIME ABOUT THE INFORMATION CONTAINED THEREON.

10  THERE WERE NO CRITICISMS ABOUT THE FACT THAT IT INCLUDES A LAST

11  NAME AND FIRST INITIAL.  THESE ARE ALL IMPORTANT ISSUES, AND

12  FRANKLY THEY INVITE MICROMANAGEMENT.  THEY -- THERE'S A LOT OF

13  DETAIL INVOLVED HERE, AND THESE THINGS SHOULD BE LEFT WITHIN

14  THE DISCRETION OF DOD AND THE NAVY.

15      THE NAVY IS PREPARED TO PROVIDE THAT TEN DAYS' ADVANCE

16  NOTICE TO CONTINUE ITS DOCKET SYSTEM.  WE ACKNOWLEDGE THAT THIS

17  COURT HAS GRANTED AN INJUNCTION, AND WE DON'T OPPOSE INCLUDING

18  THAT IN THE ORDER.  AND WE UNDERSTAND THE BASIS FOR THE COURT'S

19  ORDER BEING THE FIRST AMENDMENT.  IN THE FORM OF A JUDGMENT,

20  WHICH TYPICALLY IS QUITE BARE BONES, WE -- WE DO NOT SEE THE

21  NECESSITY, AND WE THINK IT COULD INVITE SOME ISSUES IF WE

22  RESTATE, RECHARACTERIZE, AND CERTAINLY IF WE SHOEHORN IN

23  RULINGS ON SPECIFIC TYPES OF RECORDS THAT WERE NOT DISCUSSED

24  DURING THE BRIEFING AND THAT ARE NOT IN THE COURT'S ORDER.

25      SO I THINK DEFENDANT'S PROPOSED ORDER, IF WE REPLACE THE

```
 1   PUBLIC RIGHT OF ACCESS WITH THE FIRST AMENDMENT AND ADD THE
 2   WORD INJUNCTIVE RELIEF BEHIND DECLARATORY SATISFIES THE COURT'S
 3   ORDER, AND IT CAPTURES THE COURT'S RULINGS ON THE BRIEFING THAT
 4   WAS PRESENTED IN THIS CASE.  I THINK PRO PUBLICA'S PROPOSALS,
 5   THEY GO FAR BEYOND THOSE ISSUES, AND THEY CREATE SOME BURDENS
 6   THAT PERHAPS WERE UNANTICIPATED BY THE PARTIES AND BY THIS
 7   COURT.
 8           THE COURT:  WHAT WAS THE THIRD ISSUE?
 9           MR. DORE:  WELL, YOUR HONOR, THE --
10           THE COURT:  HOLD ON.  YOU HAD THREE CONCERNS.  THE
11   FIRST AMENDMENT WILL BE ADDED.  THAT WAS ISSUE ONE.  THEN THERE
12   WAS THE REDACTIONS.  THAT WAS NUMBER TWO.  AND THEN YOU HAD A
13   THIRD CONCERN.
14           MR. DORE:  THE THIRD CONCERN I HAD IN MIND, YOUR
15   HONOR, RELATED TO THE NAVY'S -- NAVY CONTROLS THE RELEASE OF
16   FILINGS AND DETERMINES WHETHER THE RELEASE OF EVIDENCE WOULD
17   VIOLATE A STATUTE WHICH IS THE "IT IS FURTHER ORDERED" SECTION
18   OF THE PROPOSED JUDGMENT SUBMITTED BY THE GOVERNMENT.  AND THE
19   CONCERN RELATED TO THAT IS THE NAVY ESSENTIALLY BACK-DOORING
20   YOUR HONOR'S POLITICAL QUESTION RULING IN YOUR ORDER TO GIVE
21   ITSELF THE PERMISSION AND AUTHORITY TO DECIDE WHATEVER IT WANTS
22   IS COMPELLING AND JUSTIFIES REDACTION.  NOTWITHSTANDING THE
23   ABC, INCORPORATED V. POWELL LANGUAGE THAT SAYS "ABSENT CAUSE
24   SHOWN THAT OUTWEIGHS THE VALUE OF OPENNESS, THE MILITARY
25   ACCUSED IS ENTITLED TO A PUBLIC ARTICLE 32 HEARING," OR THE
```

```
 1   SUPREME COURT'S HOLDING IN PRESS-ENTERPRISE, THAT SINCE A
 2   QUALIFIED FIRST AMENDMENT RIGHT OF ACCESS ATTACHES TO
 3   PRELIMINARY HEARINGS IN CALIFORNIA, UNDER CALIFORNIA PENAL
 4   CODE, THE PROCEEDINGS CANNOT BE CLOSED UNLESS SPECIFIC
 5   ON-THE-RECORD FINDINGS ARE MADE DEMONSTRATING THAT CLOSURE IS
 6   ESSENTIAL TO PRESERVE HIGHER VALUES AND IS NARROWLY TAILORED TO
 7   SERVE THAT INTEREST.
 8        SO THERE IS A RELATIONSHIP THERE WITH THE REDACTION ISSUE,
 9   BUT THE CONCERN IS THE NAVY, THROUGH THE PROPOSED FINAL
10   JUDGMENT, GIVING ITSELF THE POWER TO MAKE ANY DETERMINATION AS
11   IT SEES FIT WITH THE NOTION THAT SOMEHOW IT WOULD BE TOO
12   DIFFICULT OR UNCALLED FOR TO REQUIRE IT TO MAKE A SHOWING THAT
13   JUSTIFIES THAT, AND OTHERWISE GIVING ITSELF THE ULTIMATE
14   AUTHORITY WHENEVER IT WANTS TO DEEM SOMETHING MERITING CLOSURE
15   AS REFLECTED BY THE INVOCATION OF FOIA HERE.  I THINK THAT YOUR
16   HONOR'S DISCUSSION OF THE ACLU CASE IS A GOOD EXAMPLE OF HOW
17   MORE SPECIFICITY IN THE PROPOSED ORDER ABOUT WHO CAN DO WHAT
18   AND ON WHAT BASIS IS NEEDED HERE BECAUSE EVERY -- BOTH SIDES
19   ARE TRYING TO GET IT RIGHT, BUT THE -- ANY GAPS THERE MAY BE,
20   IT SEEMS AS IF THE GOVERNMENT MAY INTERPRET THAT AS ENTITLING
21   IT TO DECIDE SOMETHING IS NOT SUBJECT TO PUBLIC DISCLOSURE.
22        OH.  AND I -- I APOLOGIZE.  YOUR HONOR, MAY I JUST ADDRESS
23   ONE OTHER POINT?  THE -- JUST TO BE CLEAR -- AND I APOLOGIZE --
24   THIS STANDARD WAS DISCUSSED AT LENGTH IN THE BRIEFING, THE --
25   THE REQUIREMENTS THAT THE SUPREME COURT HAS FOUND WITH RESPECT
```

```
 1   TO THE APPLICATION OF THE FIRST AMENDMENT, WHAT THAT MEANS, IN
 2   DOCKET 88 AT PAGE 23 AND DOCKET 112 AT 7.  SO WE -- WE DISPUTE
 3   THE NOTION THAT THIS IS COMPLETELY OUTSIDE THE BRIEFING.  THESE
 4   WERE ISSUES THAT WERE DISCUSSED AT LENGTH, AND THOSE PAGES ARE
 5   JUST A COUPLE OF EXAMPLES.
 6           THE COURT:  HOW WOULD SOMEONE CHALLENGE THE COMPELLING
 7   INTEREST DECISION BY THE NAVY?
 8           MS. KEENE:  YES, YOUR HONOR.  I BELIEVE ON A
 9   CASE-BY-CASE BASIS IF THERE IS A CONCERN THAT SOMETHING WAS
10   REDACTED OR WITHHELD AND THERE IS NOT A COMPELLING INTEREST, OR
11   THAT ITEM SHOULD BE DISCLOSED, I THINK THOSE CASES, THEY SHOULD
12   BE HANDLED ON A CASE-BY-CASE BASIS, NOT -- IT IS QUITE
13   DANGEROUS TO ISSUE AN ACROSS-THE-BOARD RULING THAT THERE IS
14   THIS ADDITIONAL PROCESS NOW THAT THE NAVY HAS TO UNDERGO BEFORE
15   THEY CAN MAKE THOSE DETERMINATIONS.
16        AND LET'S TALK ABOUT PRESS-ENTERPRISE BECAUSE
17   PRESS-ENTERPRISE AND THE COURT'S RULING IS BASED ON THAT LOGIC.
18   AND PRESS-ENTERPRISE ESSENTIALLY, YOU KNOW, DEALT WITH OPEN
19   COURT PROCEEDINGS.  SO THINGS THAT ARE PRESENTED IN OPEN COURT,
20   FILINGS THAT ARE IN THE PUBLIC SPHERE, WE UNDERSTAND THAT THOSE
21   WOULD BE PUBLICLY ACCESSIBLE.  THAT'S NOT WHAT WE'RE TALKING
22   ABOUT HERE.  WE'RE TALKING ABOUT THE PRIVACY ACT WHICH CONGRESS
23   HAS REJECTED BIDS MULTIPLE TIMES TO EXEMPT THESE RECORDS FROM
24   THE PRIVACY ACT, AND WE EXPECT THAT THEY WILL DO THE SAME WHEN
25   ASKED AGAIN.  AND THERE ARE RULES OF COURT-MARTIAL THAT ARE
```

```
 1   SPECIFIC AND THAT GOVERN THE REDACTIONS AND WITHHOLDING OF
 2   EXHIBITS, SEALING OF DOCUMENTS.  THOSE -- THOSE RULES WERE NOT
 3   BRIEFED IN THIS CASE.  THEY HAVEN'T BEEN CHALLENGED JUST ON
 4   THEIR FACE, AND SO THEY REMAIN IN PLACE.  AND THOSE RULES, YOU
 5   KNOW, REMAIN WITHIN THE DISCRETION OF THE NAVY.
 6         THE COURT:  I WILL GIVE YOU EACH AN OPPORTUNITY TO
 7   PROPOSE EDITS TO THE JUDGMENT, THEN I WILL PREPARE A PROPOSED
 8   JUDGMENT FOR YOUR COMMENT AND WE WILL HAVE ANOTHER SESSION
 9   BEFORE I ISSUE THE JUDGMENT.  I WILL GIVE YOU TWO WEEKS TO
10   SUBMIT THE EDITS.  YOU CAN SUBMIT A BRIEF NO LONGER THAN FIVE
11   PAGES IN SUPPORT OF YOUR EDITS.  IS THERE ANYTHING THAT WAS NOT
12   COVERED BY MY ORDER?
13         MR. DORE:  NOT FROM PRO PUBLICA'S PERSPECTIVE, YOUR
14   HONOR.
15         MS. KEENE:  NOT FROM THE DEFENDANTS, YOUR HONOR.  AND
16   I KNOW THAT THE COURT IS AWARE OF THIS, BUT THERE IS
17   POTENTIALLY GOING TO BE A GOVERNMENT SHUTDOWN.  THE CIVIL
18   DIVISION IS FURLOUGHED IF THAT HAPPENS, SO I HOPE THAT DOESN'T
19   IMPACT THESE DEADLINES, BUT I'M JUST THROWING IT OUT THERE JUST
20   IN CASE.
21         THE COURT:  ARE THERE ANY CLAIMS THAT HAVE NOT BEEN
22   ADDRESSED?
23         MS. KEENE:  NOT FROM US, YOUR HONOR.
24         MR. DORE:  SAME, YOUR HONOR.  THANK YOU.
25         THE COURT:  YOU WOULD NOT WANT TO GET UP ON APPEAL AND
```

1  HAVE THE CIRCUIT SEND IT BACK BECAUSE SOME CLAIM WAS NOT

2  RESOLVED.  AS TO THE SHUTDOWN, IF IT OCCURS, THE TIME FOR

3  SUBMISSIONS IS TOLD DURING THE SHUTDOWN.  NICE TO SEE YOU.

4          **MR. DORE:**  THANK YOU, YOUR HONOR.

5          **MS. KEENE:**  THANK YOU, JUDGE.

6          **(WHEREUPON, THE PROCEEDINGS CONCLUDED AT 6:55 P.M.)**

7

8

9

10                    *C E R T I F I C A T I O N*

11                              -oOo-

12

13       I certify, by signing below, that the foregoing is a
    correct stenographic transcript of the oral proceedings had in
14  the above-entitled matter this 29th day of September, 2025.  A
    transcript without an original signature or conformed signature
15  is not certified.  I further certify that the transcript fees
    and format comply with those prescribed by the Court and the
16  Judicial Conference of the United States.

17

18                  **Dated:  October 2, 2025**

19
                       /S/ JENNIFER GIBSON
20
                  **JENNIFER G. GIBSON, CSR NO. 12802**
21

22

23

24

25