ADAM GORDON
United States Attorney
JULIET M. KEENE, NM SBN 126365
MARY CILE GLOVER-ROGERS, SBN 321254
ERIN M. DIMBLEBY, SBN 323359
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6768/7643/6987
Juliet.Keene@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Erin.Dimbleby@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MAJOR GENERAL DAVID J. BLIGH;<br>JOHN PHELAN; EARL G.<br>MATTHEWS; AND PETE HEGSETH,<br><br>Defendants. | Case No. 22-cv-1455-BTM-KSC<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' PROPOSED JUDGMENT** |

## I. INTRODUCTION

The Department of the Navy (Navy) is uniquely positioned to implement this Court's Order while preserving the necessary discretion inherent in the administration of a military justice system. Compliance will require substantial amendments to multiple Navy policies, instructions, and standards, including revisions to guidance for preliminary hearing officers, and the development and delivery of comprehensive training across the Navy. These efforts will demand significant time and resources and cannot be undertaken effectively without allowing the Navy to manage implementation in a manner consistent with its operational needs and institutional expertise.

Defendants' Proposed Judgment would safeguard the Navy's necessary discretion while fully enforcing the Court's Order. Plaintiff's proposal, on the other hand, would extend far beyond the bounds of the Order and impose unintended impact on the Defendants in areas that the Court never considered. Defendants' Proposed Judgment therefore represents the most appropriate vehicle for effectuating the Court's Order.

## II.    ARGUMENT

In the Court's ruling, which followed the *Press-Enterprise* analysis, Plaintiff's First Amendment right of access was tethered to documents filed or displayed in open proceedings where the public may attend. *See Press Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986). While Defendants' Proposed Judgement faithfully reflects the Court's express reasoning, Plaintiff seeks to broaden the Court's ruling by improperly requiring the Navy to produce particular documents and imposing novel processes and procedures. Plaintiff attempts to add unwarranted, unsupported, and punitive burdens that exceed the scope of the Court's decision and fail to accord the deference courts have consistently afforded to the military to conduct its own operations. The Court should reject Plaintiff's overreaching proposals.

### A. Defendants' Proposed Judgment accurately captures the Court's ruling and reasoning, while properly preserving the Navy's operational discretion.

Defendants' Proposed Judgment incorporates the Court's reasoning verbatim and squarely addresses its First Amendment-based holdings. This proposal provides a practical framework for the Navy to implement all the required changes to its existing processes while preserving the long-standing and judicially recognized structure of a separate system. Critically, Defendants' Proposed Judgment avoids unnecessary and improper encroachment on the Navy's discretion. As Chief Justice Warren wrote, the "courts are ill-equipped to determine the impact upon discipline that any particular intrusion upon the military might have." Earl Warren, *The Bill of Rights and the Military*, 37 N.Y.U. L. Rev. 181, 187 (1962), *cited in Khalsa v. Weinberger*, 779 F.2d 1393, 1395 n.1 (9th Cir. 1985); *see Orloff v. Willoughby*, 345 U.S. 83, 93 (1953)

("[J]udges are not given the task of running the Army."); *Gonzalez v. Dep't of the Army*, 718 F.2d 926, 930 (9th Cir. 1983) ("This inquiry would involve the court in a very sensitive area of military expertise and discretion"); *see also Voge v. United States*, 844 F.2d 776, 779 (Fed. Cir. 1986) ("Judicial deference must be 'at its apogee' in matters pertaining to the military and national defense.").

The Navy is charged with assessing whether public access to information would violate a statute, jeopardize national security, or must be prevented for other valid and compelling reasons. Given the Navy's unique mission, institutional expertise, and responsibility for safeguarding classified and other sensitive information, substantial deference should be afforded to the Navy's execution of its internal operations and security-related decisions.

Defendants' Proposed Judgment also makes clear that pursuant to the Order, the Navy is not required to create transcripts or other documents that were not prepared in the normal course of business. And because there is no certification of trial records when proceedings do not result in the referral of charges and specifications to trial by court-martial, Defendants' Proposed Judgment specifies a triggering event for providing access to records from those proceedings. These two proposals are critical to ensuring clarity, compliance, and finality. If omitted, the parties will inevitably face renewed and wholly avoidable litigation.

The Court should adopt Defendants' Proposed Judgment.

**B. Plaintiff seeks to impose requirements on Defendants that were not contemplated by the Court's Order.**

Plaintiff's Proposed Judgment is predicated on a fundamental misunderstanding of courts-martial and suggests requirements incompatible with that system's established framework. Unlike the civilian justice system, there are no standing courts in the military justice system. Instead, a hearing officer makes recommendations to a referral authority (convening authority or special trial counsel), who then decides whether to refer charges and specifications to trial by court-martial. The preliminary hearing, or

"Article 32,"[1] has a limited scope and purpose designed to aid an authorized official in determining how to dispose of alleged misconduct.

Plaintiff's proposal seeks to obligate the Navy to produce Article 32 Preliminary Hearing Reports (Article 32 Reports). However, Article 32 Reports are not filed or discussed in open proceedings where the public may attend. Article 32 Reports are considered internal advisory documents and thus are subject to withholding under the deliberative process privilege, and may be amended at any time prior to a referral to court-martial.

Deviating from the Court's reasoning, Plaintiff proposes adding a requirement of public access to the charge sheet as part of the notice to the public of any Article 32 proceeding.  Plaintiff also proposes requiring the Navy to produce docket numbers and the full names of Service members facing court-martial, even though there was no briefing or oral argument on these issues. As an initial matter, the Navy does not use docket numbers. But more importantly, the Navy's publicly accessible website[2] provides the last name and first initial of each Service member subject to court-martial proceedings, and lists the charges. Plaintiff has provided no basis, legal or factual, to suggest that this is inadequate, nor did the Court find it inadequate.

Plaintiff also seeks to impose an entirely new process where the Navy would be required to make specific "on the record findings" to justify any withholdings or redactions and prove "that there are no less restrictive means." Plaintiff asks the Court to adopt a proposal that was never briefed, never argued, and never contemplated. Beyond its procedural impropriety and ambiguous language, this proposal would impose considerable administrative burdens, unlawfully encroach upon the Navy's established discretion, and ultimately affect military readiness. Not only is the Navy compelled by various statutes[3] to screen for classified and other sensitive information,

---

[1] Article 32 refers to Article 32, Uniform Code of Military Justice (10 U.S.C § 832).

[2] https://www.jag.navy.mil/military-justice/preliminary-hearing-schedule/

[3] Article 140a, 10 U.S.C. § 940a (personally identifying information of victims and

but it also must carefully review pieces of information not otherwise covered by statute that in the aggregate could reveal sensitive information and compromise national security. There is no justification for requiring the Navy to create and operate a wholly new, preemptive system for screening information and defending its decisions before they are even challenged. No statute, rule, or precedent supports the creation of such a review mechanism. There is also no basis for the Court to order Defendants to *not* comply with statutory mandates, the Privacy Act, or Freedom of Information Act. In short, Plaintiff's Proposed Judgment is untethered to any legal authority and should be rejected outright.

Finally, Plaintiff seeks to expand the Court's order to require the production of documents in the *United States v. Mays* matter. However, Plaintiff failed to bring an APA claim for relief, or articulate specific challenges to the Navy's decisions about what it would release in the *Mays* case. This issue was not addressed in the Court's Order, and should not be included in the final Judgment.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter Defendants' Proposed Judgment in this matter.

---

minors); 5 U.S.C. § 552a (Privacy Act); 10 U.S.C. § 128 (Control and physical protection of special nuclear material: limitation on dissemination of unclassified information); 10 U.S.C. § 130 (Authority to withhold from public disclosure certain technical data); 10 U.S.C. § 130b (Personnel in overseas, sensitive, or routinely deployable units: nondisclosure of personally identifying information); 10 U.S.C. § 130c (Nondisclosure of information: certain sensitive information of foreign governments and international organizations); 10 U.S.C. § 130d (Treatment under Freedom of Information Act of certain confidential information shared with State and local personnel); 10 U.S.C. § 130e (Treatment under Freedom of Information Act of certain critical infrastructure security information); 10 U.S.C. § 424 (Disclosure of organizational and personnel information: exemption for specified intelligence agencies); 10 U.S.C. § 455 (Maps, charts, and geomatics data: public availability; exceptions)

1

2      DATED: December 12, 2025          ADAM GORDON
                                        United States Attorney
3

4                                       s/ *Juliet M. Keene*
                                        JULIET M. KEENE
5                                       MARY CILE GLOVER-ROGERS
                                        Assistant U.S. Attorneys
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28