THEODORE J. BOUTROUS, JR. (No. 132099)
  tboutrous@gibsondunn.com
MICHAEL H. DORE (No. 227442)
  mdore@gibsondunn.com
JILLIAN LONDON (No. 319924)
  jlondon@gibsondunn.com
MARISSA MULLIGAN (No. 319734)
  mmulligan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000

SARAH MATTHEWS, SBN 294864
  sarah.matthews@propublica.org
PRO PUBLICA, INC.
155 Avenue of the Americas, 13th Fl.
New York, NY 10013
Telephone: (212) 514-5250

TENAYA M. RODEWALD (No. 248563)
  trodewald@sheppardmullin.com
MATTHEW G. HALGREN (No. 305918)
  mhalgren@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 18th Fl.
San Diego, CA 92101
Telephone: (619) 338-6500

*Attorneys for PRO PUBLICA, INC*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRO PUBLICA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; and PETE HEGSETH,<br><br>　　　　Defendants. | **Case No. 3:22-cv-1455-BTM-KSC**<br><br>**PLAINTIFF PRO PUBLICA, INC.'S BRIEF IN SUPPORT OF PROPOSED REVISIONS TO FINAL JUDGMENT**<br><br>Judge: Hon. Barry Ted Moskowitz<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>Complaint Filed: September 27, 2022 |

## I. INTRODUCTION

ProPublica respectfully requests that the Court's final judgment lay out the proper standard for public access to court records under the First Amendment, as instructed by the Supreme Court in the *Press-Enterprise* cases and their progeny.  Under the First Amendment, sealing must be necessary to serve a compelling interest, narrowly tailored to serve that interest, and there must be no less restrictive means available to adequately protect that interest.  *Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986).  And any redactions or withholdings must be supported by findings specific enough that a reviewing court can determine whether they were permissible.  *Id.* at 9-10.  Defendants have attempted to evade this standard, erroneously claiming this "wasn't briefed" and urging the Court to rely on the Navy's "existing rules" for sealing, which ProPublica has challenged throughout these proceedings *for years*.  Hrg. Tr. 11:25-12:23 (Sept. 29, 2025); Dkt. 49 ¶ 110; Dkt. 88-1 at 23-24.  Defendants omitted the proper standard from their proposed judgment, instead including language that accords the Navy "considerable deference."  But matters of the First Amendment and court access are within this Court's province, not the Navy's. Dkt. 123 at 6.  Without a specific statement of the First Amendment's requirements, Defendants will continue to "deny the existence of the rights" the Court already held applicable.  Dkt. 123 at 7, 15-16.

ProPublica also urges the Court to clarify that Defendants may not arbitrarily withhold vast swaths of court records based on the federal Freedom of Information Act or the Privacy Act, as has long been their practice.  Dkt. 49 ¶ 6, 36-38; Dkt. 88-1 at 13-15, 23-30.  Nor may they merely invoke "national security" to justify blanket sealing.[1]

---

[1] Invoking national security does not have an all-encompassing effect over every military court proceeding, as the military's highest court has held. *United States v. Grunden*, 2 M.J. 116, 121 (C.M.A. 1977); Dkt. 112 at 15-16.  There can be no serious dispute that national security concerns rarely arise, *see* Crow Rpt. (Dkt. 89-1) ¶ 56, and when they do and are valid, they can justify withholding or redacting documents in a specific case.  But they do not—and cannot—justify an across-the-board departure from the proper First Amendment standard.  *Grunden*, 2 M.J. at 121.

1    The Court should likewise reject Defendants' invitation for the Court to commit legal error by calling for presumptive sealing of all records—which would include even transcripts of testimony the public heard in open court—until 30 days after certification of the trial record, which could be *five months or more after trial*. Under Defendants' proposed judgment, a garden-variety assault case would have the same lengthy default secrecy as a case involving nuclear codes. Such an order would "impermissibly reverse the 'presumption of openness'" and deprive the public of any meaningful ability to oversee the Navy's court system. *AP v. Dist. Ct*, 705 F.2d 1143, 1147 (9th Cir. 1983).

The Court should also specify the information to be included in notices of Article 32 proceedings. The Court found that notice must be "reasonably suited to facilitate attendance by interested observers," Dkt. 123 at 14, but Defendants' proposed judgment offers no details about the notice they will provide and thus no assurance that it will facilitate attendance.

Finally, Defendants must be ordered to release the unredacted *Mays* records, as they have never cited any valid basis for their continued withholding. Dkt. 88-1 at 14.

## II.    ARGUMENT

### A.    The Court Should Specify the First Amendment Presumption Applies, and FOIA and the Privacy Act Do Not Justify Sealing

There is no doubt that the First Amendment requires Defendants to justify withholding or redacting documents *on a document-by-document basis*. Dkt. 112 at 13-14 (quoting *Press-Enterprise*, 478 U.S. at 13-14). The Court expressly found *Press-Enterprise* "instructive" in "assessing the public's right to access filings in naval prosecutions." Dkt. 123 at 8. And Rule for Courts-Martial 405(k)(3) quotes this same standard, stating that "[a]ny restriction or closure" of an Article 32 hearing "must be narrowly tailored to protect [an] overriding interest," and the hearing officer must first consider "any reasonable alternatives." *See also ABC, Inc. v. Powell*, 47 M.J. 363, 366 (C.A.A.F. 1997) (ordering access to Article 32 proceeding); *Oregonian Pub. v. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990) (applying right-of-access to court records).

Defendants have at all times flouted their obligation to comply with that standard. *See supra* 1; Dkt. 88-1 at Part II. Their proposed judgment does the same. Defendants overstate the Court's Order—which said only that "considerable deference should be accorded to the military" over "whether *specific documents* raise national security concerns," Dkt. 123 at 13 (emphasis added)—by granting themselves "considerable deference" to redact and withhold documents based on their internal processes and judgment, rather than the First Amendment. That language suggests Defendants will "continue[] to deny the existence of the rights ProPublica asserts," *id.* at 7, by flipping the presumption from one of access to one of closure, *AP*, 705 F.2d at 1147. The Court should therefore revise the judgment to clarify that withholding or redacting documents is only permissible when *consistent with the First Amendment*, not merely when consistent with Defendants' internal policies, FOIA exemptions, *see Kamakana v. City*, 447 F.3d 1172, 1184-85 (9th Cir. 2006), or the Privacy Act, *see* Dkt. 88-1 at 24-30.

Relatedly, the final judgment should ensure that records of Article 32 proceedings are released even if no "valid request" is made. Defendants wrote that limitation into their judgment, again reversing the presumption of access to one of secrecy.

### B. The Court Should Not Allow Documents to Be Presumptively Withheld for 30 Days or Longer

"The Supreme Court has made clear that '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury . . . .'" *Sammartino v. First Judicial Dist. Ct.*, 303 F.3d 959, 973 (9th Cir. 2002) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Thus, a "necessary corollary of the right to [court] access is a right to *timely access*." *Courthouse New Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) (emphasis added). Any delay in access *must* satisfy the First Amendment's standard for each document, and delays far briefer than 30 days have been struck down. *See, e.g., id.* at 597-98 (finding impermissible delays of two days to "up to two weeks"); *AP*, 705 F.3d at 1145-46 (striking order delaying release by 48 hours).[2]

---

[2] ProPublica does not waive its right to challenge a 30-day delay for access to any record.

The press's ability to report on Navy prosecutions "must be timely to be newsworthy and to allow for ample and meaningful public discussion regarding the functioning of the [Navy's] court systems." *Planet*, 947 F.3d at 594. Withholding court records while a prosecution is occurring and most newsworthy amounts to "'a deliberate, statutory scheme of censorship'" that allows servicemembers to be charged in secret without public knowledge or scrutiny. *Id.*; Dkt. 88-1 at 34. As the military's own panel of experts concluded, the lack of contemporaneous access has resulted in "a lack of transparency [that] contributes to distrust and disinformation about the military justice system" and made it difficult "to assess the functioning of the military justice system."[3] Reporters have little ability to understand or report on a case in real time without access to the charge sheet, motions, court rulings, or any exhibits or evidence.

Defendants' proposed judgment would allow them to withhold all records—even charge sheets and transcripts of public testimony—until 30 days *after certification of the trial record*. The certification process takes up to 120 days or more after trial, according to Defendants' own witness, which means records would not be released until five months or more after trial—long after they are most newsworthy. Temple Dep. (Dkt. 89-1) 150:17-20. But the Court's ruling says 30 days is enough for "review[ing] whether any papers *must be redacted or withheld*," not that there should be a 30-day post-certification deadline for *all* records. Dkt. 123 at 12-13. And the Court clarified at the hearing that it envisioned transcripts and exhibits being disclosed within thirty days "of conclusion of the proceedings," not five months after trial. Tr. 8:7-10.

Nor should a review for redactions take so long. Crow Rpt. ¶ 43–53. Defendants' claims aside, the Navy's Office of the Judge Advocate has permanent staff whose

---

[3] Military Justice Review Panel: 2024 Comprehensive Review and Assessment of the UCMJ at 15 ("MJRP Report"). After ProPublica filed its reply brief citing the MJRP Report, Dkt. 112, the military removed it from the website without explanation. ProPublica uploaded the report here: https://www.documentcloud.org/documents/26375415-mjrp-2024-comprehensive-review-and-assessment-of-the-ucmj/.

"primary duty" is to handle "the processing of court records." Temple Dep. 43:4-8, *see also* Ex. T (Dkt. 89-1) at 12-13; Crow Rpt. ¶ 53. This division has *already* released court records while a case was ongoing, so it can be done. Temple Dep. 110:25-111:9. The military's own panel of experts concluded, after lengthy study, that contemporaneous access to military court records and public dockets is not only feasible but *recommended*. MJRP Report at 3. The military commissions, which deal with far more classified materials, release unclassified records within one business day, publish case-specific public dockets (including full names, unlike the Navy), and provide hearing transcripts within 24-72 hours. *See* Crow Rpt. ¶¶ 44, 56.[4] The Court should clarify that, if Defendants identify documents for redaction, they must make the necessary showing to justify withholding. Everything else should be released shortly after its creation.

### C.  The Court Should Require That Notices Include Case Information

As the Court acknowledged, "notice of Article 32 proceedings must be reasonably suited to facilitate attendance by interested observers." Dkt. 123 at 14. Defendants' proposed judgment does not ensure such notice. The Court should require more: that Defendants provide enough detail for an observer to determine if they should undertake the expense of traveling to such a proceeding by including at least the docket number, the charged servicemember(s)'s full name, and the charge sheet. By refusing to publicly release charge sheets, the Navy is unlawfully keeping secret whom it has charged and the nature of their alleged crimes. Dkt. 88-1 at 1, 15, 25, 34.

### III.  CONCLUSION

ProPublica respectfully requests the Court implement ProPublica's requested revisions to the Navy's proposed final judgment.

---

[4] *See also* U.S. Dep't of Def., Regulation for Trial by Military Commission at 19-4(c)(1), https://www.mc.mil/portals/0/2011%20regulation.pdf. Indeed, even filings requiring security review must be posted within 15 business days, absent "exceptional circumstances." *Id.* at 19-4(c)(2).

| | | |
|---|---|---|
| 1 | Dated: December 12, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | By:  /s/ Michael H. Dore  |
| | | Michael H. Dore |
| 4 | | Theodore J. Boutrous, Jr. |
| 5 | | GIBSON, DUNN & CRUTCHER LLP |
| 6 | | |
| 7 | | By:  /s/ Sarah Matthews  |
| | | Sarah Matthews |
| 8 | | |
| 9 | | PRO PUBLICA, INC. |
| 10 | | *Attorneys for Plaintiff* |