```
ADAM GORDON
United States Attorney
JULIET M. KEENE, NM SBN 126365
MARY CILE GLOVER-ROGERS, SBN 321254
ERIN M. DIMBLEBY, SBN 323359
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6768/7643/6987
Juliet.Keene@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Erin.Dimbleby@usdoj.gov
```

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; AND PETE HEGSETH, <br><br> Defendants. | Case No. 22-cv-1455-BTM-KSC <br><br> **DEFENDANTS' SUPPLEMENTAL BRIEF ON COURT'S FINAL JUDGMENT** |

## I. INTRODUCTION

Pursuant to the Court's January 26, 2026, scheduling order (ECF No. 133), Defendants submit this supplemental brief regarding whether the Department of the Navy (Navy) should be required to disclose Article 32 reports that are not filed with the military courts. The Court's final judgment on this issue is well-taken; the Navy considers Article 32 reports as non-binding, internal advisory documents that are subject to withholding.

/ / /

/ / /

## II.  ARGUMENT

The Court's order on the parties' cross-motions for summary judgment (ECF No. 123), which followed the Supreme Court's analysis in *Press-Enterprise*, held that Plaintiff's First Amendment right of access is tethered to documents filed or displayed in open proceedings where the public may attend. *See generally* ECF No. 123 at 8-11; *see also Press Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 13-14 (1986). Importantly, the First Amendment right of access applies to *judicial* documents. "The narrow First Amendment right of access to information recognized in *Richmond Newspapers* does not extend to non-judicial documents that are not part of a criminal trial . . . ." *Center for Nat. Sec. Studies v. Dept. of Justice*, 331 F.3d 918, 934 (D.C. Cir. 2003) (citing *Richmond Newspapers v. Virginia*, 448 U.S. 555 (1980)). No presumption of a right to access documents arises unless it is established that the documents are "judicial documents." *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115 (9th Cir. 2012). Article 32 reports are not part of the record of trial of the court-martial proceedings. R.C.M. 1112(b).

Here, Article 32 reports are generally not filed or discussed in open proceedings where the public may attend. These reports are generated upon completion of an Article 32 preliminary hearing and sent to the convening authority or special trial counsel. 10 U.S.C. § 832(c). One of the stated purposes of the Article 32 is for "[a] recommendation as to the disposition that should be made of the case," *see* 10 U.S.C. §832(a)(2)(D), which is necessarily achieved via the Article 32 report. The report includes "a statement of the reasoning and conclusions of the hearing officer with respect to determinations under subsection (a)(2), . . ." and "[r]ecommendations for any necessary modifications to the form of the charges or specifications." *Id.* Additionally, the report may discuss uncharged misconduct when evidence is adduced in a preliminary hearing in accordance with 10 U.S.C. § 832(f); and additional matters submitted after the hearing by the parties or a victim of an offense. The recommendations are non-binding. *See* R.C.M. 405(m)(1) (Preliminary hearing "report

1 is advisory and does not bind the staff judge advocate, convening authority, or special
2 trial counsel, as applicable."). The parties have an opportunity to object to the Article
3 32 report and the convening authority "may direct that the preliminary hearing be
4 reopened or take other action, as appropriate." R.C.M. 405(m)(5). In sum, Article 32
5 reports are considered internal advisory documents prepared to assist the convening
6 authority or special trial counsel in deciding whether and in what form to refer charges
7 to a court-martial.

8       Given the predecisional, advisory nature of Article 32 reports, they fall squarely
9 within the deliberative process privilege. The deliberative process privilege covers
10 information "reflecting advisory opinions, recommendations and deliberations
11 comprising part of a process by which governmental decisions and policies are
12 formulated . . . ." *Dep't of Interior v. Klamath Water Users Protective Ass'n*,
13 532 U.S. 1 at 8 (2001) (internal citation omitted). The purpose of the privilege is to
14 "enhance the quality of agency decisions . . . by protecting open and frank discussion
15 among those who make them within the Government . . . ." *Id.* (internal citations and
16 quotations omitted). This privilege protects information that is predecisional in nature
17 or antecedent to the adoption of the agency policy and relates to the process by which
18 policies are formulated. *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir.
19 2000) (internal quotations and citation omitted). Article 32 Reports are predecisional in
20 nature because they are prepared to assist the decisionmaker—either the convening
21 authority or the special trial counsel—in deciding whether and in what form charges
22 should be referred to a court-martial. The reports are also deliberative because they
23 contain the authors' evaluation of the evidence and recommendations regarding referral
24 to a court-martial.

25       Requiring disclosure of an Article 32 report runs counter to the very purpose of
26 such an advisory report: to candidly recommend modifications to the form and
27 disposition of charges and specifications preferred against a Service member prior to a
28 decision by the convening authority or special trial counsel to refer charges to a

court-martial; the nature of any additional charges, other matters for consideration, and the forum for disposition of those charges. Indeed, as the Ninth Circuit observed in the context of holding that a death penalty evaluation and prosecution memorandum were protected from disclosure by the deliberative process privilege, "[i]t would be impossible to have any frank discussions of legal or policy matters in writing if all such writings were to be subjected to public scrutiny." *Fernandez*, 231 F.3d at 1246 (citing *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988)).

The Court should adopt the pertinent language in its final judgment as to the Article 32 report issue, as it is consistent with applicable law and policy.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter its final judgment finding that the Navy is not required to provide Article 32 reports to Plaintiff unless they are appropriately filed with the military court.

DATED: January 29, 2026

ADAM GORDON
United States Attorney

s/ *Mary Cile Glover-Rogers*
JULIET M. KEENE
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys