THEODORE J. BOUTROUS, JR. (No. 132099)
  tboutrous@gibsondunn.com
MICHAEL H. DORE (No. 227442)
  mdore@gibsondunn.com
JILLIAN LONDON (No. 319924)
  jlondon@gibsondunn.com
MARISSA MULLIGAN (No. 319734)
  mmulligan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000

SARAH MATTHEWS, SBN 294864
  sarah.matthews@propublica.org
PRO PUBLICA, INC.
155 Avenue of the Americas, 13th Fl.
New York, NY 10013
Telephone: (212) 514-5250

TENAYA M. RODEWALD (No. 248563)
  trodewald@sheppardmullin.com
MATTHEW G. HALGREN (No.  305918)
  mhalgren@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 18th Fl.
San Diego, CA 92101
Telephone: (619) 338-6500

*Attorneys for PRO PUBLICA, INC*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC., | **Case No. 3:22-cv-1455-BTM-KSC** |
| Plaintiff, | **PLAINTIFF PRO PUBLICA, INC.'S BRIEF IN RESPONSE TO PROPOSED FINAL JUDGMENT** |
| v. | |
| MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; and PETE HEGSETH, | Judge:  Hon. Barry Ted Moskowitz |
| Defendants. | Complaint Filed:  September 27, 2022 |

The Court's January 26, 2026, Order solicited written briefing as to "whether Article 32 reports that are not filed should be made available to the Plaintiff."  Such reports should be made available to Plaintiff Pro Publica, Inc., and the public more generally, because they are statutorily-required conclusions and recommendations by an impartial hearing officer that are shared with the parties, relied on by the court-martial convening authority in deciding whether to prosecute, and part of the record on appeal.

Because a court-martial is not yet established at the preliminary Article 32 stage, and because courts-martial are not standing courts, the reports are not formally "filed" with a military court.  But this fact does not justify withholding them from public view. They are required before referring charges to a general court-martial, the felony-level court.  Decisions about whether to prosecute or dismiss a case are based on these reports, so they are critical to understanding and assessing such decisions.  In many cases, these reports may also be the public's only opportunity to learn the facts and evidence in the case and to evaluate the military's handling of criminal allegations within its ranks.  This is particularly true given how difficult it can be to attend Article 32 hearings in person. Even if the public somehow learns the identity of the accused in advance[1] and wants to attend, hearings are often conducted in distant locations, and obtaining access to a military base can take weeks.  Dkt. 112 at 9.  Denying public access will serve no purpose and further erode public confidence and accountability in the military courts.

Accordingly, Plaintiff respectfully urges the Court to remove the following language from its proposed judgment: "The Navy is not required to provide Article 32 reports unless they are filed with the military court."  The Court should instead add the words "Article 32 reports and" following the words "access to" at page 2, line 14 and again at page 3, line 3 of the proposed judgment.

---

[1] The Navy does not publish full names on its preliminary hearing schedule.  *See* https://www.jag.navy.mil/military-justice/filings-records/preliminary-hearing-schedule/.

An Article 32 report is the key record in the preliminary hearing phase for cases brought under the Uniform Code of Military Justice. It is a required part of the court-martial system, and the court-martial convening authority relies upon it in deciding whether to refer the case to trial, to dismiss the charges, to add additional charges, or to dispose of the charges in another forum. *See generally* 10 U.S.C. § 832; R.C.M. 405. It is issued after the Article 32 probable cause hearing by an impartial hearing officer, who, whenever practicable, is a judge advocate certified by the Judge Advocate General of the relevant service. 10 U.S.C. § 832(b); R.C.M. 405(d)(1). The report includes "a statement of the reasoning and conclusions of the hearing officer" regarding probable cause and jurisdiction and "a summary of relevant witness testimony and documentary evidence presented at the hearing and any observations of the hearing officer concerning the testimony of witnesses and the availability and admissibility of evidence at trial." 10 U.S.C. § 832(c)(1); *see also* R.C.M. 405(m)(2). It also includes a recommendation as to whether each charge should proceed to trial and an "analysis of any additional information submitted after the hearing including from victims and the accused." § 832(c)(2)-(3). Commanders "tend to follow the hearing officer's report and recommendation." Dkt. 89-1 (Crow Rpt.) ¶ 29.

Article 32 reports do not, as Defendants claim, merely reflect "internal" deliberations. Dkts. 131 at 4, 134 at 1, 3. They are shared not only with the convening authority but also the parties, who can introduce them into evidence at trial or use them to support or oppose pre-trial motions, as occurred in *Mays*. R.C.M. 405(m)(4); Dkt. 89 (Matthews Decl.) ¶ 17. They could—and should—be released to the public at the same time the parties receive them. Crow Rpt. ¶ 36. The parties have five days to object to the report before the convening authority decides, based on the Article 32 report, whether to refer the case to court-martial. R.C.M. 405(m)(5); Crow Rpt. ¶ 28. The report is eventually made part of the official court record on appeal; if it is not already included as an exhibit within the certified record of trial, it will be appended thereto. R.C.M. 1112(f).

A "filing" requirement would be unwarranted in this context and would elevate form over substance. Courts-martial are not convened until after Article 32 hearings occur, so Article 32 reports could not be "filed" with the court when they are issued; nor are they required to be filed by military court rules. As far as access to the records is concerned, that should not matter. Given the "tradition [of] favoring access" to proceedings, courts have declined to condition public access under the common law on whether documents are formally filed with a court. *Comm'r v. Advance Local Media, LLC*, 918 F.3d 1161, 1168 (11th Cir. 2019) (collecting cases). For that reason, the right of access applies not only to formal court filings but to documents that are "otherwise somehow incorporated or integrated into . . . adjudicatory proceedings." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

There is no doubt that Article 32 reports are an integral part of the preliminary phase of criminal proceedings in the military. As this Court recognized, it is "settled" within the military that Article 32 probable cause hearings are subject to the First Amendment presumption of public access. Dkt. 123 at 9. Since many accused servicemembers are allowed to leave the service without being tried or have their charges dismissed, Dkt. 88-1 at 34, and because military commanders sometimes decline to prosecute even though the Article 32 hearing officer recommends charges, these hearings are often the most important proceeding in the case and the most newsworthy.

The Court properly concluded that because Article 32 hearings are presumptively open under the First Amendment, the related records must be public as well. Dkt. 123 at 9-10. That ruling was correct. The Ninth Circuit has instructed that whether the right of access attaches to records turns on "whether there was a history of public access to [the applicable] *proceedings*." *Civ. Beat L. Ctr. for Public Interest, Inc. v. Maile*, 117 F.4th 1200, 1209 (9th Cir. 2024). The probable cause proceedings at issue here were historically open to the public, so an impartial hearing officer's findings based on that hearing should also be public. *Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 12–13 (1986) ("*Press-Enterprise II*") (probable cause hearing and transcript); *Maile*, 117 F.4th

at 1209 ("[T]he public generally has presumptive access to judicial opinions, hearings, and court filings.").  The nonbinding nature of the reports does not exempt them from public access any more than it excludes a magistrate judge's report and recommendation.

This openness unquestionably promotes accountability and confidence in the system.  Judges "claim legitimacy . . . by reason."  *In re Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992).  Although they "deliberate in private," they "issue *public* decisions after *public* arguments based on *public* records."  *Id.* (emphases added).  The public needs the entire triumvirate:  "Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat."  *Id.*  Article 32 reports play a key role in the judicial process and can be highly newsworthy.  *See, e.g.,* Megan Rose, *The Navy Accused Him of Arson. Its Own Investigation Showed Widespread Safety Failures*, ProPublica (Sept. 22, 2022).[2]  Without them, the public has little ability to understand why a case is dismissed following the hearing or why a case with weak evidence—like the Mays case, *see id.*—proceeds to trial, casting doubt on the system's fairness and calling into question the military's motives.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) ("People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing.").  As the military's own panel of experts has concluded, the "lack of transparency" in the military courts "contributes to distrust and disinformation about the military justice system."[3]  Accordingly, the right of access attaches to Article 32 hearings and the resulting reports.

Any other result would be illogical.  Opening Article 32 hearings and evidence to the public but withholding the hearing officer's report assessing that evidence would be like having a magistrate judge conduct a public probable cause hearing but then keeping

---

[2]  https://www.propublica.org/article/bonhomme-richard-fire-safety-lapses.

[3] Military Justice Review Panel: 2024 Comprehensive Review and Assessment of the UCMJ at 15 ("MJRP Report"), https://tinyurl.com/mwwrb724; *see also* Dkt. 89-1 at 569-70, Crow Rpt. ¶¶ 66, 69.

secret the determination whether the case should proceed to trial.  The First Amendment does not tolerate such secrecy.  *See Press-Enterprise II*, 478 U.S. at 12–13.  Indeed, the lack of access to Article 32 reports is particularly problematic because the hearing officer does not rule from the bench as magistrate judges sometimes do, so their written reports could be forever withheld from public scrutiny under the Court's proposed ruling.

Defendants' reference to the deliberative process privilege and FOIA case law to justify withholding Article 32 reports from the public underscores their fundamental misunderstanding of the right of public access to court proceedings and judicial records.  Dkt. 131 at 4; Dkt. 134 at 3; 5 U.S.C. 552(b)(5).  The single non-FOIA case they cite—*United States v. Fernandez*, 231 F.3d 1240 (9th Cir. 2000)—is wholly inapposite.  There, the court found the privilege applied to internal death penalty evaluation forms and other prosecution memoranda that were *withheld from the defendant*.  Article 32 reports are not internal deliberations, but formal reports *shared with the accused*; they may be admitted into evidence at trial, and are appended to the appellate record.  Further, the privilege can only justify withholding records on a document-by-document basis when the interest in secrecy overrides the need for disclosure; it cannot—and does not—justify the automatic, wholesale sealing of *all* Article 32 reports, as Defendants contend.  *F.T.C. v. Warner Comm'cns*, 742 F.2d 1156, 1161 (9th Cir. 1984); *United States v. W.R. Grace*, 455 F. Supp. 2d 1140, 1143-44 (D. Mont. 2006).  Further, the Ninth Circuit has rejected attempts to use FOIA as a basis to withhold records in court proceedings.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184–85 (9th Cir. 2006).  Plaintiff again urges the Court to clarify that Defendants' continual use of FOIA to withhold court-martial and Article 32 records is improper.  Dkt. 88-1 at 10-11, 13-14, 30; Dkt. 112 at 16-17.

Accordingly, the presumptive right of access applies to Article 32 reports, and the final judgment should reflect that.

Dated: January 29, 2026                    Respectfully submitted,

                                           By:   /s/ Michael H. Dore
                                                 Michael H. Dore
                                                 Theodore J. Boutrous, Jr.

                                           GIBSON, DUNN & CRUTCHER LLP


                                           By:   /s/ Sarah Matthews
                                                 Sarah Matthews

                                           PRO PUBLICA, INC.

                                           *Attorneys for Plaintiff*

PROPUBLICA'S BRIEF IN RESPONSE TO PROPOSED JUDGMENT