UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC., | Case No.: 22-cv-1455-BTM-KSC |
| Plaintiff, | |
| v. | **ORDER ON ARTICLE 32 REPORTS** |
| MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; and PETE HEGSETH, | |
| Defendants. | |

In an order entered September 12, 2025, the Court granted in part and denied in part the parties' cross motions for summary judgment. The Court held that the First Amendment right of access applies to filings and documentary evidence in Article 32 (preliminary) hearings and in full court-martial proceedings. The question of whether Article 32 reports fall within the First Amendment right of access was not extensively briefed. The issue has now been briefed by the parties in anticipation of the entry of final judgment. In this order, the Court holds that Article 32 reports fall within the First Amendment public right of access. The Court will thus enter final judgment accordingly.

Article 32 hearings are preliminary hearings used to determine whether charges should be filed against the accused servicemember. They are in essence preliminary and public hearings similar to Federal Rule of Criminal Procedure 5.1. *See United States v. Davis*, 64 M.J. 445, 446-47 (C.A.A.F. 2007) ("The procedures for an Article 32 hearing include representation of the accused by counsel, the right to present evidence, and the right to call and cross-examine witnesses."); *United States v. Davis*, 62 M.J. 645, 647 (A.F.C.C.A. 2006) ("It is settled that Article 32 investigations are presumptively public hearings.").

Except in unusual circumstances, Article 32 hearings are presided over by an "impartial judge advocate." R.C.M. 405(e)(1)(A). "The preliminary hearing officer shall make a timely written report of the preliminary hearing." R.C.M. 405(m)(1). Article 32 reports contain, among other things, the names of counsel, a summary of the evidence, a recommendation as to whether the charges should be amended, a statement of whether there is probable cause and whether there is jurisdiction, and a recommendation "as to the disposition that should be made of the charges and specifications in the interest of justice and discipline." R.C.M. 405(m)(2). A copy of the Article 32 report must be given to the accused. R.C.M. 405(m)(4).

The First Amendment generally grants the public the right to attend criminal

proceedings and to access the filings in such proceedings.  *See, e.g.*, *Waller v. Georgia*, 467 U.S. 39, 44 (1984) (noting that "the press and public have a qualified First Amendment right to attend a criminal trial"); *Forbes Media LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023) (explaining that the First Amendment's right of public access generally applies to criminal proceedings and to filings in such proceedings).  The scope of the public right of access is determined by a two-part test: courts look first to "experience," that is, whether historically the public was granted the access at issue, and second to "logic," that is, whether the right of access significantly furthers the process at issue.  *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9 (1986).

Under that test, Article 32 reports must be available to the press and public in the usual course.  Such reports may be redacted or withheld only when consistent with the First Amendment.  The right of access applicable to Article 32 hearings must also attach to the report because it is fundamentally part of the hearing.  It summarizes the evidence and assesses whether the charges can be proven at a full court-martial.  There is no valid basis to keep the report from the public.  *See, e.g.*, *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) ("[C]ourts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1466 (9th Cir. 1990) ("[T]he press and public have a qualified right of access to plea agreements and related documents under the First Amendment."); *Seattle Times Co. v. United States District Court*, 845 F.2d 1513, 1517 (9th Cir. 1988) ("[T]he press and public have a right of access to pretrial release proceedings and documents filed therein.").

The Government's reliance on the deliberative process privilege is not persuasive.  "[T]he deliberative process privilege shields from disclosure 'documents reflecting advisory opinions, recommendations and deliberations

22-cv-1455-BTM-KSC

comprising part of a process by which governmental decisions and policies are formulated.'" *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U. S. 132, 150 (1975)). "[A] court must evaluate the documents 'in the context of the administrative process which generated them.'" *Id.* at 269 (quoting *Sears*, 421 U.S. at 138)).

The privilege does not apply to Article 32 reports because they are required, given to the defendant, and written by impartial judges. The context here is not a deliberative process at all but rather an impartial evaluation of whether a criminal matter should proceed. The privilege is thus inapplicable. Further, the privilege has no applicability because candor is already a necessary aspect of the report. *See Id.* at 267 (explaining that the deliberative process privilege is meant to "encourage candor" and to "blunt[] the chilling effect that accompanies the prospect of disclosure"). Because Article 32 reports must be given to the accused, the "prospect of disclosure" is a forgone conclusion. *See id.* The deliberative process privilege simply does not apply to documents, such as an Article 32 report, that will be released to persons not responsible for the deliberation. Moreover, the Government's description of the report as "predecisional" and "advisory" does not change the analysis. *See Transgender Law Ctr. v. Immigration & Customs Enf't*, 46 F.4th 771, 783 (9th Cir. 2022) ("[S]imply designating a document as a draft does not automatically make it privileged under the deliberative process privilege." (citation and quotation marks omitted)).

Last, any attempt by the Government to withhold filings under the Freedom of Information Act (FOIA), the Privacy Act, or another statute must of course be consistent with the First Amendment. *See generally Jacobs v. Schiffer*, 204 F.3d 259, 265 (D.C. Cir. 2000) (explaining that the First Amendment is "superior" to "statutory and regulatory provisions"). The Court notes that FOIA's purpose is to increase public access to government records. *See Milner v. Dep't of the Navy*, 562 U.S. 562, 571 (2011) ("We have often noted the Act's goal of broad disclosure

22-cv-1455-BTM-KSC

and insisted that the exemptions be given a narrow compass." (citation and quotation marks omitted)).    The First Amendment right of access to court documents requires disclosure notwithstanding an exemption under FOIA.  *See, e.g.*, *In re New York Times Co.*, 828 F.2d 110, 115 (2d Cir. 1987) ("Obviously, a statute cannot override a constitutional right.").

   In sum, the final judgment will require compliance with the First Amendment, and the First Amendment requires disclosure of Article 32 reports subject to permissible redactions or withholding.

**IT IS SO ORDERED.**

Dated:  February 9, 2026

Honorable Barry Ted Moskowitz
United States District Judge

22-cv-1455-BTM-KSC