```
ADAM GORDON
United States Attorney
JULIET M. KEENE, NM SBN 126365
MARY CILE GLOVER-ROGERS, SBN 321254
ERIN M. DIMBLEBY, SBN 323359
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6768/7643/6987
Juliet.Keene@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Erin.Dimbleby@usdoj.gov
```

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; AND PETE HEGSETH,<br><br>    Defendants. | Case No. 22-cv-1455-BTM-KSC<br><br>**DEFENDANTS' NOTICE OF EMERGENCY MOTION TO STAY RELEASE OF RECORDS FROM *UNITED STATES v. MAYS*; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 17, 2026<br>Time: 11:00 a.m.<br>Judge: Hon. Barry Ted Moskowitz<br><br>**PER CHAMBERS, NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## MOTION TO DISMISS

PLEASE TAKE NOTICE that on April 17, 2026, at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 15B of the United States District Court for the Southern District of California, located at the James M. Carter and Judith N. Keep United States Courthouse at 333 West Broadway, San Diego, California, before the Honorable Barry Ted Moskowitz, Defendants Major General David J. Blight,

et al., will and hereby do move the Court for an order granting Defendants' Emergency Motion to Stay Release of Records in *United States v. Mays*. The motion is based on this Notice and Memorandum of Points and Authorities, and all pleadings and filings in this action, and such other written or oral argument as may be presented at or before the time the Court takes this motion under submission.

## MEMORANDUM OF POINTS AND AUTHORITIES

On February 10, 2026, the Court entered its Final Judgment [ECF No. 140] ordering the Navy to "publicly release, within thirty (30) days of entry of . . . judgment, the court records from *United States v. Mays*, consistent with the First Amendment." On February 13, 2026, Plaintiff Pro Publica, Inc., filed its Motion under Federal Rule of Civil Procedure 60(a). *See* ECF No. 141. While Plaintiff's motion does not affect the judgment's finality or suspend its operation, the time to file an appeal is tolled until the Court enters an order ruling on Plaintiff's Rule 60(a) motion. *See* Fed. R. Civ. P. 60(c)(1); *see also* Fed. R. App. P. (a)(4)(vi). As such, Defendants request that the *Mays* records production be stayed until at least sixty (60) days after the Court rules on Plaintiff's Rule 60(a) Motion. This short stay period is warranted to provide time for the Solicitor General to decide whether to appeal this Court's order on the parties' cross-motions for summary judgment and final judgment, including the Court's order requiring release of all *Mays* records, including categories of records and information that would be the basis of an appeal.

Pursuant to statute and the Federal Rules of Appellate Procedure, the United States is provided 60 days to file a notice of appeal. *See* 28 U.S.C. § 2107(b) (allowing the United States 60 days to appeal from an adverse order). Authorization for the United States to appeal must be determined by the Solicitor General. *See* 28 C.F.R. § 0.20(b). The policy of providing the United States 60 days to file a notice of appeal is longstanding and, according to the Advisory Committee, "well justified" and should not be "rushed." *In re O'Bryan*, 399 F.2d 916, 918 & n.1 (10th Cir. 1968).

Prematurely releasing the full set of *Mays* records prior to having the opportunity to seek meaningful appellate review could cause irreparable injury. Courts have routinely issued stays in FOIA cases where the release of documents would moot a defendant's right to appeal. *See, People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (citing *John Doe Agency, et al. v. John Doe Corp.*, 488 U.S. 1306, 1308–09, 109 S.Ct. 852, 102 L.Ed.2d 952 (1989) (Marshall, J., in chambers) (issuing stay in FOIA action and observing that disclosure of documents would moot defendant's ability to appeal, thereby resulting in irreparable injury); *Providence Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) (issuing stay in FOIA action because "Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time."); *Center for Int'l Envtl. Law v. Office of U.S. Trade Rep.*, 240 F.Supp.2d 21, 22 (D.D.C.2003) (issuing limited stay in FOIA action "because disclosure of the documents in question will render any appeal moot")).

For the reasons above, Defendants request the Court stay the *Mays* records production until at least sixty (60) days after the Court rules on Plaintiff's Rule 60(a) Motion.

DATED: March 6, 2026

ADAM GORDON
United States Attorney

s/ *Mary Cile Glover-Rogers*
JULIET M. KEENE
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys