| | |
|---|---|
| 1 | ADAM GORDON |
| | United States Attorney |
| 2 | JULIET M. KEENE, NM SBN 126365 |
| | MARY CILE GLOVER-ROGERS, SBN 321254 |
| 3 | ERIN M. DIMBLEBY, SBN 323359 |
| | Assistant U.S. Attorneys |
| 4 | Office of the U.S. Attorney |
| | 880 Front Street, Room 6293 |
| 5 | San Diego, CA 92101 |
| | Tel: (619) 546-6768/7643/6987 |
| 6 | Juliet.Keene@usdoj.gov |
| | Mary.Glover-Rogers@usdoj.gov |
| 7 | Erin.Dimbleby@usdoj.gov |
| 8 | Attorneys for Defendants |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC., | Case No. 22-cv-1455-BTM-KSC |
| Plaintiff, | |
| v. | **DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER SHORTENING THE TIME FOR BRIEFING ON DEFENDANTS' EMERGENCY MOTION TO STAY RELEASE OF RECORDS FROM *UNITED STATES v. MAYS*** |
| MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; AND PETE HEGSETH, | |
| Defendants. | |

On February 10, 2026, the Court entered its Final Judgment [ECF No. 140] ordering the Navy to "publicly release, within thirty (30) days of entry of . . . judgment, the court records from *United States v. Mays*, consistent with the First Amendment." As such, the time for Defendants to produce the *Mays* records is March 12, 2026. On February 13, 2026, Plaintiff Pro Publica, Inc., filed its Motion under Federal Rule of Civil Procedure 60(a). *See* ECF No. 141. While Plaintiff's motion does not affect the judgment's finality or suspend its operation, the time to file an appeal is tolled until the Court enters an order ruling on Plaintiff's Rule 60(a) motion. *See* Fed. R. Civ. P. 60(c)(1); *see also* Fed. R. App. P. (a)(4)(vi).

On March 6, 2026, Defendants filed an Emergency Motion to Stay Release of Records from *United States v. Mays*, requesting that the *Mays* records production be stayed until at least sixty (60) days after the Court rules on Plaintiff's Rule 60(a) Motion. This short stay period is warranted to provide time for the Solicitor General to decide whether to appeal this Court's order on the parties' cross-motions for summary judgment and final judgment, including the Court's order requiring release of all *Mays* records, including categories of records and information that would be the basis of the appeal. Pursuant to statute and the Federal Rules of Appellate Procedure, the United States is provided 60 days to file a notice of appeal. *See* 28 U.S.C. § 2107(b) (allowing the United States 60 days to appeal from an adverse order). Authorization for the United States to appeal must be determined by the Solicitor General. *See* 28 C.F.R. § 0.20(b). Prematurely releasing the full set of *Mays* records prior to having the opportunity to seek meaningful appellate review could cause irreparable injury.

The hearing date on Defendants' motion to stay is April 17, 2026 at 11:00 a.m. in Courtroom 15B of the James M. Carter and Judith N. Keep United States Courthouse. The 28-day briefing schedule on the April 17 hearing date sets Plaintiff Pro Publica, Inc.'s opposition to the motion to stay at April 3, 2026, and Defendants' reply brief, if any, at April 10, 2026.

Given that the March 12 records production deadline is fast approaching and occurs before Plaintiff Pro Publica, Inc.'s opposition to the motion to stay, Defendants request that the Court shorten the April 17 hearing date and associated briefing schedule. Defendants propose that Plaintiff's opposition to the motion to stay be set for March 10, 2026, and Defendants stipulate that a reply brief is not necessary. Plaintiff opposes this *Ex Parte* Application for the reasons set forth in the accompanying declaration. *See* Decl. of Mary Cile Glover-Rogers, ¶ 8.

For the reasons above, Defendants request that the Court shorten the time for briefing on Defendants' pending motion to stay the *Mays* records production, setting

Pro Publica's opposition brief on the motion to stay at April 3, 2026, and no reply brief by Defendants.

DATED: March 5, 2026

ADAM GORDON
United States Attorney

s/ *Mary Cile Glover-Rogers*
JULIET M. KEENE
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys