# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRO PUBLICA, INC., | Case No. 22-cv-1455-BTM-KSC |
| Plaintiff, | **AMENDED FINAL JUDGMENT** |
| v. | |
| MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; AND PETE HEGSETH, | |
| Defendants. | |

This matter came before the Court on Defendants' Motion to Dismiss and the parties' Cross-Motions for Summary Judgment.  Having heard oral argument on June 30, 2025, the Court decided the issues in an Order entered on September 12, 2025. (ECF No. 123).  The Court also filed an order on the accessibility of Article 32 reports.  The Court hereby enters final judgment as follows:

Plaintiff is **granted** the following declaratory judgment on count one of its second amended complaint:

Defendants' policies violated Plaintiff's First Amendment right of access in Article 32 preliminary hearings and full court-martial proceedings.

Plaintiff is entitled to notice of Article 32 preliminary hearings that is reasonably suited to facilitate attendance.  The Navy shall provide at least ten (10) days' advance notice to the public of all Article 32 preliminary hearings.  The Navy must provide the full first and last name of the charged service member and the charge sheets, at least ten (10) days before the scheduled hearing, unless a compelling reason legally justifies redaction.

The First Amendment requires the Navy to provide the public access to the documentary evidence, transcripts, filings, reports, and related papers submitted during Navy Article 32 preliminary hearings and court-martial proceedings, including those resulting in an acquittal, subject to redactions and/or withholdings required by statute or based on national security concerns or other valid and compelling reasons. The Navy must provide such access in all cases including Article 32 hearings that do not result in a court-martial and a court-martial ending in an acquittal.  Any redactions or withholdings must be consistent with the First Amendment and must further a compelling government interest.  The Navy may only redact or withhold such records from the public where a military judge or Article 32 hearing officer finds that the denial of access furthers a compelling government interest, the redaction or withholding is narrowly tailored to further that interest, and there are no less restrictive means available to serve that interest.  The Navy must also comply with the procedural requirements of

the First Amendment (notice, an opportunity to be heard and specific findings on the record).

The Navy must provide the public right of access set forth in this judgment as soon as reasonably practicable but no later than sixty (60) days after receipt of a request, except that the Navy shall make the transcripts of public proceedings available as soon as reasonably practicable but no later than thirty (30) days following receipt of a request. Requests must be made to the appropriate office, which the Navy will publish. The person requesting the documents or transcripts shall pay the direct costs of transcription or duplication.

Withholdings or redactions under FOIA or any statute must be consistent with the First Amendment.

Plaintiff is otherwise **denied** judgment on its claim for contemporaneous access to filings and papers in Article 32 hearings and court-martial proceedings.

Plaintiff is **granted** judgment in part on count two of its second amended complaint. Defendants are hereby permanently enjoined from denying Plaintiff's First Amendment right of access in Article 32 hearings and court-martial proceedings.

The Navy must publicly release, no later than April 30, 2026, the court records from *United States v. Mays*, consistent with the First Amendment.

Defendants are **granted** judgment on count three of Plaintiff's second amended complaint.

Nothing in this judgment requires the Navy to create or release transcripts or documents that were not submitted or prepared in the course of Article 32 or court-martial proceedings.

The Navy is required to provide Article 32 reports to Plaintiff.

//
//
//
//

-3-

The Clerk of the Court shall enter this judgment. The Court retains jurisdiction to enforce this judgment and make modifications as necessary in light of changes to Navy procedures occasioned by this judgment.

**IT IS SO ORDERED**.

Dated:  April 10, 2026

Honorable Barry Ted Moskowitz
United States District Judge