# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PRO PUBLICA, INC.,

      Plaintiff,

      v.

MAJOR GENERAL DAVID J. BLIGH; JOHN PHELAN; EARL G. MATTHEWS; AND PETE HEGSETH,

      Defendants.

Case No. 22-cv-1455-BTM-KSC

**ORDER DENYING MOTION TO STAY**

**[ECF NO. 142]**

On February 10, 2026, the Court entered final judgment in this matter. (ECF No. 140). The final judgment required the Navy to "publicly release, within thirty (30) days of entry of this judgment, the court records from *United States v. Mays*, consistent with the First Amendment." The Government has moved for an emergency stay of that requirement. (ECF No. 142). Plaintiff Pro Publica, Inc., opposes the stay. (ECF 146). The Court held oral argument on April 9, 2026.

A stay pending appeal 'is an 'intrusion into the ordinary processes of administration and judicial review.'" *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation omitted). Plaintiff and the public are "entitled to the prompt execution of orders." *See id.* A stay is "an exercise of judicial discretion," and the movant (the Government here) "bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34 (citation omitted).

Four factors govern whether to grant a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434.

The first two factors are the most important. *Id.* The Government's sole argument for why the *Nken* factors warrant a stay here is that the Solicitor General's Office *might* want to appeal the final judgment. That argument fails to satisfy the *Nken* factors.

First, the Government has made no showing—let alone a strong one—that it will likely succeed on appeal. Indeed, the Government does not even claim that the Court erred nor that the Government will in fact appeal. The mere possibility of an appeal—with no showing that the Court may have erred—is insufficient to satisfy the first *Nken* factor. *See Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (explaining that under

-2-

the first factor, "at a minimum," a petitioner must show that there is a "substantial case for relief on the merits" (citation omitted)).

The Government also equivocates under the second *Nken* factor. The immediate release of the *Mays* records, the Government says, "*could* cause irreparable injury." But the mere "possibility of irreparable injury fails to satisfy the second factor." *Nken*, 556 U.S. at 427 (citation and quotation marks omitted); *see also Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 376-77 (5th Cir. 2023) (ruling that the "defendants have fallen well short of showing that the second *Nken* factor weighs heavily in their favor" because they showed no "more than a mere possibility of irreparable injury" (quotation marks omitted)); *Wisconsin Gas Co. v. Federal Energy Regulatory Com.*, 758 F.2d 669, 674 (D.C. Cir. 1985) (explaining that under the second *Nken* factor, the injury has to be "certain," "great," and "actual");

Because the Government has failed to satisfy either the first or the second factor, the Court need not consider the remaining factors. *See Makaeff v. Trump Univ., LLC*, No. 10-CV-940-IEG, 2011 U.S. Dist. LEXIS 13603, *11 (S.D. Cal. Feb. 11, 2011) ("Because Trump University has failed to show sufficient likelihood of success on the merits or irreparable damage absent a stay, the Court need not address the final two factors.").

Nevertheless, the remaining factors also require the denial of a stay. The *Mays* trial ended on September 30, 2022. Plaintiff was pursuing the records from the trial even before it ended. Plaintiff and the public have a right to know whether the Navy tried to convict Mays of arson in spite of substantial evidence supporting his innocence.

//

//

//

//

//

//

-3-

22-cv-1455-BTM-KSC

In short, all the *Nken* factors require the denial of the Government's motion. The Government must release the *Mays* records no later than April 30, 2026. The Defendants' motion for a stay (Doc 142) is DENIED.

**IT IS SO ORDERED**.

Dated:  April 13, 2026

Honorable Barry Ted Moskowitz
United States District Judge

22-cv-1455-BTM-KSC